## D. B. Brown

v.

## H. M. Reinholdt and S. G. Barbee.

*Negotiable Instruments—Note—Special Warranty—Breach—Damages.*

1. The verdict of a jury upon conflicting testimony will not be set aside unless it is manifestly against the evidence, and is the result of prejudice or passion, or unless the misdirection of the court in its instructions as to the law, or erroneous ruling in the admission or rejection of evidence, caused the jury to return an unfair verdict.

2. In a suit upon a note given for the purchase price of a given machine, there being a special warranty that it will do a certain amount of work, the defense being a breach thereof, such defense is good although such machine is not returned.

3. If in such case such machine was of no value, the damages for the breach of the warranty will be the amount, at least, of the note sued on.

[Opinion filed January 15, 1892.]

Appeal from the Circuit Court of Effingham County; the Hon. William C. Jones, Judge, presiding.

Messrs. J. N. Gwin and Wood Bros., for appellant.

The appellees got just what they contracted for in this case. They bought a second-hand machine, at a reduced price, for which they gave the note in question. There was no failure of consideration under the statute of Illinois, as they got the identical property contracted for, nor did appellant warrant the machine in question. Should every expression of opinion upon the sale of an article be held to create a warranty, proofs would not be wanting in almost every instance in the sale of property to establish a warranty, for but few articles are sold where the vendor does not praise his wares, and such in common are generally understood by purchasers as they are intended by the seller. Where a warranty is intended, something more than this is done, and the intention of the parties is clearly manifest to that effect.

Adams v. Johnson, 15 Ill. 345; Ender v. Scott, 11 Ill. 35; Nickle v. Williamson, 44 Ill. 48; Hanson v. Busse, 45 Ill. 496.

Under the evidence in this case appellant made no warranty, nor did he intend to do so.

One of the reasons assigned is that the court erred in refusing to give the appellant permission to show that the defendants never gave any notice of any defects in the working of the brick machine in question, nor returned the same, nor offered to return the same to the plaintiff; so that in case of a warranty that the appellant would have had the right to remedy the defect. Which ruling of the court is erroneous, and the plaintiff was deprived of his legal rights to remedy the defect if any existed. The defendants still keep the brick machine in question and refuse to pay the note, which they have no legal right to do. Wolf et al. v. Dietzsch, 75 Ill. 205; Parson on Contracts, Vol. 1, 5th Ed., pages 592–93; Milner v. Tucker, 1 C. and P. 15; Cash v. Giles, 3 C. and P. 407.

Mr. S. F. GILMORE and RINEHART & WRIGHT, for appellees.

If the sale of the machine was with a warranty, and the warranty was broken, then in a suit upon the note the makers could set up as a defense the breach of the warranty and defeat a recovery for all, or for a part only, of the note, as the damages for the breach might be shown to be equal to the whole or it or to a part only. Parsons on Contracts, Sec. 486; Benjamin on Sales, 2d Ed., 748–752; Mears v. Nichols, 41 Ill. 212.

Was the sale of the machine made with a warranty? No special form of words is necessary to create a warranty. An affirmation at the time of a sale is a warranty, provided it appears in evidence to have been so intended. " And in determining whether it was so intended, a decisive test is, whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion and to exercise his judgment. In the former case there is a warranty, in the latter not. The intention is a question of fact for the jury, to be inferred from the nature

of the sale and the circumstances of the particular case." Benjamin on Sales, 2d Ed., 499, 500 and citations; Hanson v. Busse, 45 Ill. 496; Towell v. Gatewood, 2 Scam. 22.

GREEN, P. J. Appellant brought this suit against appellees. before a justice of the peace; a judgment was there rendered against defendants, who thereupon took an appeal to the Circuit Court, where a trial was had resulting in a verdict and judgment for them. Appellant took this appeal and asks that said last judgment be reversed. The suit was brought to recover upon a promissory note given as a part of the price of a brick machine sold by appellant to H. M. Reinholdt The defense relied on was, that the sale and purchase was made under a special warranty by the vendor; that the machine was a good brick machine, and would make from 15,000 to 20,000 brick per day; that the purchaser made the purchase relying upon the special warranty, received the machine, set it up properly in his brick yard, and with the aid of men skilled in the work tried it, and it was found to be so defective that in operating it not more than 4,000 to 5,000 brick per day were turned out, and those were of such inferior quality as to be unmerchantable. This record discloses a sharp conflict in the evidence as to material facts. It was the province and duty of the jury to settle this conflict, to weigh and consider all the evidence, to credit and believe the testimony which in their judgment was entitled to credit, in preference to testimony doubtful or incredible; and to this end take into consideration the manner of the witnesses while testifying, their means of knowledge of the matters they testified about, the reasonableness of the testimony given by them, their interest in the result of the suit, and their apparent candor and fairness, or the want of it, as witnesses. Furnished with this means of finding the real facts, the conclusion reached by the jury is likely to be correct, and courts decline to set aside their verdict, unless it is manifestly against the evidence and is the result of prejudice or passion, or unless the misdirection of the court in its instructions as to the law, or erroneous ruling in the admission or rejection of evidence, caused the jury to return an unfair verdict.

In this case, it appears to us, the jury performed their duty and were warranted by the evidence in finding there was a sale made of this brick machine by appellant, to H. M. Reinholdt, with a special warranty by the vendor, relied upon by Reinholdt in making the purchase, that the machine was a good brick machine, and would make from 15,000 to 20,000 brick per day, when operated; that after it was delivered to Reinholdt, he had it properly set up and fairly tested, with the result that it was found to be worn out and useless, and not capable of turning out more than 4,000 to 5,000 brick per day, less, in fact, than the number a brick molder could make by hand in that time, and the brick made in this machine were so defective as to be unmerchantable. Several witnesses testified also that the machine was wholly worthless as a machine for making brick.

It is urged, however, on behalf of appellant, that the purchaser failed to return this machine to the vendor and hence the special warranty and breach thereof, can not be set up in defense in the suit upon a note given for part of the purchase price. In Underwood et al. v. Wolf, 131 Ill. 435, *et seq.*, the court cite with approval Chitty on Contracts, 11th Ed., 652: "When, therefore, the vendor of a warranted article, whether it be a specific chattel or not, sues for the price or value, it is competent to the purchaser in all cases to prove the breach of the warranty in reduction of damages, and the sum to be recovered for the price of the article will be reduced by so much as the article is diminished in value by non-compliance with the warranty;" following this it is said in the opinion: "The previous discussion of the authorities by the author before arriving at the conclusion thus announced, shows his meaning to be, that the breach of the warranty may be proven in reduction of damages, not only in the case of a specific chattel, but also in the case of an executory contract, as, for example, when an article is ordered from a manufacturer who contracts that it shall be of a certain quality, or fit for a certain purpose." The court also cite Benjamin on Sales, 4th Am. Ed., Vol. 2, Sec. 1356.

"The buyer will also lose his right of returning goods deliv-

ered to him under warranty of quality, if he has shown by his conduct an acceptance of them, or if he has retained them a longer time than was reasonable for a trial, or has consumed more than was necessary for testing them, or has exercised acts of ownership, as by offering to resell them, all of which acts show an agreement to accept the goods, but do not constitute an abandonment of his remedy by cross-action or counter-claim in the vendor's action for the price." In commenting upon this citation in the opinion, it is said: "If the retention of the property by the buyer for a longer time than is reasonable for a trial does not not waive his right to damages in an action by the vendor for the purchase price, then there is no reason why the retention of the property for a longer time than that fixed in the contract for a trial should amount to such waiver." Then follows this statement, referring to the citations: "The rule, as announced by the text-writers, has been held to be the law in this State."

Under the rule announced in this case in 131 Ill. and many former decisions of our Supreme Court, the defense set up was a proper one, and if the machine was of no value, the damages for the breach of the warranty would be the amount, at least, of the note sued on, and justified the verdict. The instructions, as a series, were not calculated to mislead the jury, and those the court refused to give on behalf of plaintiff were properly refused. We discover no substantial error requiring the reversal of this judgment and it is affirmed.

*Judgment affirmed.*