# HOOVER & GAMBLE

## v.

## CHRISTIAN DOETSCH.

*Sales—Warranty—Breach of as Defense in Action by Vendor—Failure of Vendee to Comply with Condition Precedent.*

In an action brought by the vendors of a harvesting machine on notes given by the vendee, where the defense was that the machine was sold with a warranty that it would do good work, which it failed to do, this court holds, it being one of the conditions of the sale that the vendee should return the machine in case it did not do satisfactory work, after the vendors had been notified to fix it and failed to do so, that before the vendee could rely on a breach of the warranty as a defense he must show a compliance with the conditions which were to have been performed by him, and that the evidence failed to show that he had returned the machine or been excused from so doing.

[Opinion filed December 7, 1892.]

APPEAL from the County Court of Jackson County; the Hon. W. W. BARR, Judge, presiding.

Messrs. THOMAS H. PHILLIPS and A. B. GARRETT, for appellants.

Messrs. HILL & MARTIN, for appellee.

MR. JUSTICE GREEN.  Appellee contracted with appellants through their agent to purchase a machine for cutting and binding small grain, and it was delivered to him in June, 1887, together with the following printed warranty offered in evidence on behalf of appellee :

The following warranty applies to machine ordered June 8, 1887, by Mr. Christian Doetsch :  " Every machine we manufacture is warranted to be well built, of good material, and will do good work where any self-binding harvesting machine mower can be successfully operated.  Should machine fail to work properly when started, due notice must be given to us or our agents, and time allowed to send a person to put it in order, the purchaser rendering necessary and friendly assistance, furnishing teams, etc.  If it is not then made to work well it may be returned, and any payment that has been made before trial of machine will be refunded or a perfect machine will be given in its place. Continued possession of the machine will be evidence of satisfaction.                     HOOVER and GAMBLE."

This suit was brought to recover the price of the machine, evidenced by two notes payable to appellants, dated Oct. 1, 1887, and executed by the appellee.  The defense set up was that the machine was so defective as to be practically worthless, and it is insisted on behalf of appellee that the proof shows a sufficient compliance with the terms of the warranty with reference to the return of the machine in this, that after the machine had been tried about a week and failed to work, appellee told the agent he would bring the machine back, and the agent said he would not take it back, he would make it work; that he did not sell machines to take back.  It is also further insisted that even if appellee did not offer to make such return, yet, if the machine was worthless no return was necessary in order that appellee might avail himself of the defense of failure of consideration, and in support of this last contention the cases of Underwood v. Wolff, 131 Ill. 430, and Brown v. Reinholdt, 41 Ill. App. 599, are cited.

In each of these cases there was an express warranty

given by the vendor that the article sold was of a certain kind and quality, and would do a certain amount and kind of work. No conditions were imposed upon the vendee, as in this case, by the terms of the warranty, hence it was properly held in each of the cases cited under the facts proven that no return was necessary. In this record the evidence substantially shows that appellee never took the machine to his own residence, but when he received it in June, took it into the field of one Stanton, where it was set up and started under the direction of Morgan, who was sent by appellant's agent, and Morgan testified it worked well and seemed to give satisfaction. In this he is contradicted by appellee and other witnesses who testify it did not do good work because of some defect in the binder. After trying it for one or two days, as appellee testifies, in Stanton's field, and finding it would not work on account of defective binder, appellant's agent was notified, and a man sent out to fix the machine; but still it did not work on account of defect in binder. It was then taken into the field of one Payne and did not work; then appellee went again to appellant's agent (as he testifies) and told the agent he would bring machine back, but the agent said they didn't sell them to take back; they wouldn't take it back, they would make it work. After waiting a day or two appellee bought another machine. After their wheat harvest was over, a new binder was attached to the machine by an agent sent by appellants, but no further test of it was made in 1887, except in a field of oats, where it also failed to work well. According to the testimony of appellee and one Ripley, the machine was left out and exposed to the weather, without care or shelter, from and after this time in June, 1887.

With all the knowledge and information touching the defective condition of the machine which appellee had obtained, as he says, by the repeated tests made, and on October 1, 1887, he executed the notes sued on. The agent to whom the notes were delivered and another witness who was present when they were executed testify they were given

in settlement for the machine. Appellee contradicts these witnesses, and says the notes were given with the agreement the guaranty was to continue. If the version of appellee is accepted he executed and delivered these notes with full knowledge of the defects in the machine, but upon condition that he should have the benefit of the provisions of the printed warranty in accordance with the terms thereof, whereby he undertook, if the machine failed to work properly when started, to give appellants or their agents due notice and allow them sufficient time to send a person to put it in order and render them necessary and friendly assistance, furnish teams, etc., and if it was not then made to work well he could return the machine, and any payment he had made before the trial of it would be refunded or a perfect machine given him in its place. It was further provided, continued possession of the machine will be evidence of satisfaction. As we construe the printed warranty its plain meaning and intent is that even in case the machine proved worthless as a harvester, appellants were not to lose it or be obliged to go after it, and were not liable to refund the purchase money if appellee kept the machine and failed to make the test and give the notice, and then if it was not made to work well, failed to return it within a reasonable time; and we perceive no good reason as at present advised why the parties could not lawfully make this stipulation one of the terms of the warranty, nor why it was not operative and binding as a condition precedent. It was reasonable and fair to both parties. Appellee could secure the repayment of the purchase money by performing the slight duty of returning the machine if it could not be made to work well, and thereby appellants would have received the benefit of its intrinsic value, even if it would not work well as a harvester; and we controvert no rule announced in the cases cited by the construction and effect we thus give to the written warranty. Was the condition complied with and performed by the appellee? At the time the notes were given the harvest of 1887 was over; hence the terms and conditions of the printed warranty did not apply to the

past, but to the future acts of the parties, and the offer made in June, 1887, to return the machine, is of no importance.

The new bargain was entered into October 1, 1887, and at no time thereafter was there a test made of the machine and notice given appellants or their agents that it failed to work properly, nor at any time thereafter was the machine returned or an offer to return it made; but up to and at the time this suit was commenced, on September 2, 1891, the continued possession of the machine remained in appellee. It thus appears, from the evidence, appellee failed to perform the condition precedent and if we are right in the construction and effect given the warranty by us, it follows that under the facts proven appellee was not entitled to recoup as damage for the breach of the warranty the purchase price of the machine and thus defeat a recovery. If we are wrong in our views touching the construction of the warranty we would still be compelled to reverse the judgment because erroneous instructions were given on behalf of appellee, based upon the theory that he offered to return the machine, when the evidence shows no such offer was made after the notes sued on were given. The judgment is reversed and cause remanded.

*Reversed and remanded.*