## McCORMICK HARVESTING MACHINE COMPANY *v.* ALLISON *et al.*

116  445
117  134
116  445
e126  676

116  445
129  318

1. Where a written contract for the sale of a machine specified the warranties undertaken by the seller and stipulated that no warranties other than those expressly stated in the contract should be binding on him, he was not responsible for an additional warranty subsequently made by his agent; and upon the trial of an action brought by the seller against the purchaser, for the price of the machine, evidence of such warranty made by the agent was inadmissible.

2. Where such a contract stipulated that : "If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to [the seller and his agent], and allow time to send a person to put it in order. If it can not then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded. . . Failure to . . . return the machine as agreed shall be deemed an acceptance of the machine by the purchaser " : *Held,* that upon the failure of the machine to work well and failure of the seller, upon proper notice, to have it put in order, a notice by the purchaser to the agent of the seller that the machine was held subject to the seller's order was not a compliance with the terms of the contract, and did not relieve the purchaser from liability for the price of the machine, when it did not appear that the seller or his agent ever took possession or control of the machine in pursuance of such notice.

Argued October 10, — Decided October 30, 1902.

Certiorari.　Before Judge Fite.　Gordon superior court.　March 10, 1902.

*Starr & Erwin,* for plaintiff.　*Harkins & Dodd,* for defendants.

FISH, J.　Suit was brought, in a justice's court, by the McCormick Harvesting Machine Company against Nathan Allison and Frank Walraven, on one of a series of notes given by the defend-

ants to the plaintiff for the purchase-price of a corn-binder.  Upon a trial by jury a verdict was rendered for the defendants.  Plaintiff sued out a certiorari, and to a judgment of the superior court overruling the same it excepted.  It was in evidence before the jury that the defendants signed a printed order for the machine, directed to the plaintiff.  This order contained the following agreement:  "Machine is to be warranted, as per warranty on the back of this order, without condition or erasure, a copy of which  .  . we have this day received and accepted."  On the back of the order was the following:  "Machine warranty.  This machine is warranted to be well made, of good material, and durable with proper care.  If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to said McCormick Harvesting Machine Co. and their agent, and allow time to send a person to put it in order.  If it can not then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and all cash and notes received in settlement will be refunded.  Continuous use of the machine, or use through harvest season, or failure to notify the McCormick Harvesting Machine Co., or their agent, or to return the machine as agreed, shall be deemed an acceptance of the machine by the purchaser.  No agreement or warranty other than that printed in this order is binding on the McCormick Harvesting Machine Company."

1. One complaint made in the petition for certiorari was that the magistrate erred in allowing Nathan Allison, one of the defendants, to testify, over plaintiff's objection, that Black and Yancey, agents for the plaintiff, guaranteed that the machine would cut and bind a designated "piece" of "high tangled corn."  The objections urged were that the contract between the plaintiff and the defendants specified the only express warranty for which the plaintiff should be bound, and that the agents could not bind their principal by a warranty made after the sale of the machine.  We think the objections were well taken, and that the testimony should have been excluded.  The defendants had expressly agreed, in the contract signed by them, that no agreement or warranty other than that specified in the contract should be binding upon the plaintiff, and therefore it was not permissible for them to prove that plaintiff's agents made any other warranty.  Moreover, this guaranty or warranty that Allison testified was made by the agents of the plain-

tiff appeared to have been made after the sale of the machine, and could not, therefore, have been a part of the contract of sale.

2. One of the contentions of the defendants insisted upon before the jury was, that the machine, after repeated trials, failed to do good work, that plaintiff, after being notified in accordance with the contract, failed to put the machine in order, and that thereupon the defendants returned the same to the plaintiff's agent, and were, therefore, not liable for its price. The only evidence bearing upon the question of the return of the machine was the testimony of Nathan Allison, one of the defendants, and A. T. Black, the agent of the plaintiff, through whom the machine was sold. Allison testified that after plaintiff failed to make the machine work well, " he then, next week, notified Mr. Black that the machine was subject to his orders, and that after a few days Mr. A. T. Black was out at his father's house and told him to run the machine under the shelter there at his father's barn." Black testified: " that defendants never at any time returned or tendered to me the machine sold to them; that late in the fall he was at J. T. Allison's, and told defendants that they ought to put the machine under shelter, whether they gained the suit or not." Assuming, as we must in passing upon the question under consideration, that Allison's testimony was true, it was wholly insufficient to authorize the jury to find that the machine was returned to the plaintiff or its agent. It will be noted that Allison did not testify that the machine was ever placed under the shelter as he claimed Black directed, and, in view of this fact, Black's testimony that the defendants never returned the machine to him was not in conflict with what Allison swore. There was no evidence, then, before the jury that Black or any agent of the plaintiff ever had any kind of possession or control over the machine after it was sold to the defendants. Indeed, so far as the evidence disclosed to the contrary, the defendants had possession of the machine when the case was tried. If the machine failed to work well, and the plaintiff, after being notified of this fact in accordance with the contract, failed to make it do good work, then the defendants were bound, under the terms of the contract, to return the machine at once to the agent of whom they received it; and as they failed to show that they did this then, they should have been held, in accordance with their contract, to have accepted the machine and been made

liable for the note given for part of its purchase-price. The certiorari should have been sustained, because the magistrate erred in admitting the testimony referred to in the first division of this opinion, and because the verdict was without evidence to support it.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*