# WASATCH ORCHARD CO. v. MORGAN CANNING CO.

No. 1822.   Decided April 12, 1907 (89 Pac. 1009).

1. SALES — WARRANTY — RETURN — CONDITIONS — COMPLIANCE. Defendant purchased cans from plaintiff, guaranteed to be suitable for canning peas, the contract providing that the seller should pay the buyer the cost price of all cans in excess of 4 to each 1,000, which might be found to leak through any defect in the cans, on condition that the defective cans should be returned by the buyer to the seller's factory. *Held*, that the obligation to return the defective cans was a condition precedent, which the buyer was bound to perform in order to maintain any counterclaim in an action on the price for defective cans.

2. SAME — IMPLIED WARRANTY. Such written guaranty excluded an implied warranty of quality, and hence the buyer was not entitled to recover thereon for cans the defects in which were not disclosed during the process of canning.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by the Wasatch Orchard Company against the Morgan Canning Company. From a judgment denying plaintiff relief on a counterclaim, it appeals.

AFFIRMED.

*A. G. Horn* for appellant.

*A. W. Agee* for respondent.

APPELLANT'S POINTS.

Upon the second point, where goods are sold for a particular purpose known to the parties, it is elementary that there is an implied warranty of the fitness of the goods for the particular use designated. (2 Mechem, Sales, sec. 1343, 1344.) If damages result from the use of such articles, the seller is liable for the same. (*Poland v. Miller*, 95 Ind. 387; *Best v. Flint*, 5 Atl. 192, and note.)

Where goods are sold and delivered and the contract provides for a return thereof to the seller, in case the goods sold do not comply with the contract, we contend that if the parties, after using goods, are prevented for any reason from returning the goods, by reason of their having become worthless through such user, that the rule is that in such cases a return is not necessary. (Benj. on Sales, 397, and cases cited; 10 Ency. of Law, 181; *Brewster v. Burnett,* 125 Mass. 68; *Kent v. Bornstein,* 12 Allen 342; *Perley v. Balch,* 23 Pick. 283; *Malone v. Reeves,* 11 Ala. 345; *Smith v. Smith,* 30 Vt. 139; *Dill v. O'Farrell,* 45 Ind. 268; *Barry v. Campbell,* 41 N. E. 955; *Hayden v. Houghton,* 24 S. W. 803; *Franklin v. Ezell,* 33 Tenn. 497; *Shephard v. Temple,* 3 N. H. 455.)

We contend the rule to be that an action for breach of warranty exists, although the vendor has expressly agreed to take back the property in case it does not correspond with the warranty; the right to return in such case being merely a cumulative remedy, and that the buyer need not return the goods nor offer to do so, nor give any notice before suing on his warranty. (*Douglass v. Gardner,* 10 Cush. 88; *Perrine v. Serrall,* 30 N. J. L. 454; *Mandel v. Buttles,* 21 Minn., 391; *McCormick v. Dunville,* 36 Iowa 645; *Eyers v. Haddem,* 70 Fed. 648; *Love v. Ross,* 89 Iowa 400; *Fitzpatrick v. Osborne,* 50 Minn. 261; *Shupe v. Collender,* 56 Conn. 489; Benj. on Sales, 960 and cases cited. 28 A. & E. Encyc. of Law, 827.)

STRAUP, J.

This action was brought to recover an alleged balance of $225 for goods and wares sold and delivered to the defendant by the plaintiff. The allegations of the complaint were admitted in the answer, and by counterclaim it was alleged that during the year 1904 the plaintiff sold and delivered to the defendant over two hundred-thousand cans guaranteed by plaintiff to be suitable for canning peas, to be made of standard material and properly soldered so as to withstand the pressure and requirements when filled with peas, according to the

usual course and practice of canneries, and to be properly tested before leaving the factory, and that not over four cans in a thousand would be defective; that the cans so furnished were made of inferior material, and not of sufficient strength for packing peas according to the usual method; that the joints of the cans were improperly soldered, which caused them to leak; and that they were not properly tested before leaving the factory, by reason of which there was lost to the defendant about twenty-five thousand cans during process of packing in the year 1904, together with their contents and expenses of cooking, packing, and hauling them away, to defendant's damage in the sum of $1,200. In its reply to the counterclaim the plaintiff alleged that it guarantied the cans to be of average quality, made of suitable material, and that they were suitable for canning peas, in the usual way and by the usual and ordinary methods, and that the plaintiff agreed to pay the defendant the cost price of all cans in excess of four to each one-thousand which might be found to leak during processing by reason of any defect in such cans, but that such payments were to be made only on condition that such cans should be returned by the defendant to plaintiff's factory in Weber county, and that all the cans were retained by the defendant, and that none were returned by it, nor offered to be returned.

The evidence before us consists of mere recitals in the bill of exceptions that the defendant introduced evidence tending to prove the allegations of the counterclaim; that it used the cans in canning peas in the usual way; that about twenty-nine thousand cans were defective because not properly soldered, by reason of which the cans became worthless and their contents spoiled; that some of the defects manifested themselves during processing, and others not until several months after the canned goods had been stored in the warehouse, and that the defendant was required to haul away and bury the cans and contents; that the contract of sale was oral, and that the defendant had not agreed to return any of the cans; that the plaintiff introduced evidence tending to prove the allegations of its reply; that the defendant did not use the

proper and ordinary method of processing in the canning of the peas; that the cans which the defendant hauled away and buried were not worthless, but could be used again; and that the contract of sale was in writing, and was as set forth in the reply.

The defendant requested the court to charge the jury in substance that if defective cans exceeded four in every one-thousand, and such defects were discovered prior to the cans being used, then it was the duty of the defendant under the contract, if the jury found the same had been proven, to have returned such cans to the plaintiff's factory, but, if the defects, as alleged in the counterclaim, were only discovered after the cans had been filled with peas, and that the cans were valueless and of no use after such filling, then the defendant was not required to return the defective cans, and that if the jury found, when the plaintiff and the defendant entered into the agreement for the sale of the cans, it was agreed between them that the cans were to be suitable for canning peas, and that the same should be thoroughly tested before leaving plaintiff's factory, and were guaranteed that not to exceed four cans in a thousand would be defective, and that they would be made of standard material, and properly soldered so as to withstand all pressure and requirements when filled with peas, according to the usual course and practice, and if the jury further found that the cans were not suitable for canning peas, and that by reason of the foregoing warranties the defendant, while engaged in the usual method of canning, suffered a loss of over four cans out of each one-thousand, then the plaintiff would be liable to the defendant for such loss in excess of four cans in each one-thousand, and the defendant would be entitled to recover whatever damages it may have sustained by reason thereof, regardless of the agreement made by the defendant to return to plaintiff's factory any or all cans which might be found defective. The court charged the jury as to the law of an implied warranty, and that the defendant had the right to recover all damages sustained by it by reason of the failure of such warranty, and as requested by the defendant,

with the modification, unless the jury found from a preponderance of the evidence, the burden of proving which was on the plaintiff, that by the contract of sale the defendant had agreed and was required to return to the plaintiff the cans which were found defective and as was alleged in plaintiff's reply. Error is predicated on the refusal of the requests and on the instructions given. The contention made by appellant is that, if the cans were defective and not suitable, then it was entitled to recover all damages sustained by it in consequence thereof, regardless of its agreement to return to plaintiff's factory all cans which might be defective. Such claim is made on the ground, first that the stipulation in the contract for the return of the cans was solely for the benefit of the defendant, and that it had the option to rescind the contract and return the cans, or sue for breach of the implied warranty, in support of which we are referred to *Eyers v. Hadden,* 70 Fed. 648, *Underwood v. Wolf,* 131 Ill. 425, 23 N. E. 598, 19 Am. St. Rep. 40, *Mandel v. Buttles,* 21 Minn. 391, *Love & Co. v. Ross,* 89 Iowa 400, 56 N. W. 528, and other cases, holding, in effect, that when a chattel is sold with a warranty of quality, accompanied by an agreement that, if it proves to be inferior in quality, it may be returned to the seller, or exchanged for another article, the buyer, upon breach of warranty, is not restricted to such special remedy, but may waive it, and sue for the breach of warranty. But in all the cited cases there was no obligation, either expressed or necessarily implied, upon the purchaser to return the chattel. The rule, however, is also well established that when the quality of an article sold is guarantied by warranty, one of the conditions of which being that in case of a defect being discovered the seller shall be liable only on condition of the production or return of the defective article, such condition is a condition precedent, and must be complied with, or there can be no recovery. (*Miller v. Nichols,* 5 Neb. 478; *Nichols v. Hail,* 4 Neb. 210; *King v. Towsley,* 64 Iowa 75, 19 N. W. 859; *Fahey v. Machine Co.,* 3 N. D. 220, 55 N. W. 580, 44 Am. St. Rep. 554.) The rule deduced from the authorities is that when the parties

have not stipulated as to the course which shall be taken in case of a failure of the warranty, the vendee has his election either to sue on the warranty, or to rescind the contract by returning the property and bringing an action for the money received by the seller. But it is competent however, for the parties to provide by contract that a particular course shall be pursued on a failure of the warranty. That is what the parties have done in this case. The return of the defective cans to plaintiff's factory was, by the agreement of the parties, made a condition precedent to the right of recovery for a failure of the warranty.

It is next urged that an implied warranty may arise notwithstanding an express one, where it relates to a different subject-matter and the implied has not been expressly excluded. The principle of law is well stated in the case of *Bucy v. Pitts Agricultural Works,* 89 Iowa 464, 56 N. W. 541, where the court say:

"The rule deducible from the authorities is that an implied and an express warranty may exist under the same contract, as when the expressed does not relate to the obligations created by the implied; but when the expressed warranty does provide as to the same obligation, it excludes the implied. In other words, the law will not imply anything as to matters about which the parties have expressly agreed."

And in *Blackmore v. Fairbanks,* 79 Iowa 282, 44 N. W. 548, where it was said:

"It is true that, as a general rule, no warranty will be implied where the parties have expressed in words the warranty by which they mean to be bound; but the rule does not extend to the exclusion of warranties implied by law, where they are not excluded by the terms of the contract. Thus an express warranty of title does not exclude an implied warranty of quality."

We do not see anything in the record to give application to the principle. Appellant's position on this question is not very clear. But, as we understand it, it is claimed that the stipulation to return the cans is limited only to defects in cans discovered during the process of canning, and not to those manifested thereafter, and that the stipulation can

only apply in case the defendant has rescinded the contract and seeks to sue or to defend on the theory of a rescission. In other words, it is claimed that the stipulation in no manner affected or limited the warranty implied by law, and that the defendant was entitled to recover all damages sustained by it for loss of contents, expenses of packing, etc., occasioned through defective cans. The error of counsel's position lies in the assumption that an express warranty of quality restricted to but one or more things does not exclude an implied warranty of quality as to other things; that is to say, since the plaintiff and defendant, by an agreement, expressed the terms of warranty whereby the plaintiff agreed to pay for defective cans manifested during processing and conditioned such payment upon the return of the cans, the express warranty can only be applied to such defects, and that the defendant has still the right to claim and to recover damages on an implied warranty for defects manifested months thereafter. When a vendor and a vendee have by an express contract stipulated as to the guaranty of quality, the guaranty of quality is to be measured by that contract. If not, what is the purpose of giving the parties the right to contract on the subject? The parties had the undoubted right to restrict the guaranty of quality to defects of cans in excess of four to each one-thousand manifested during processing, and to condition it upon a return of such cans to plaintiff's factory, and to limit the liability to the cost price of the cans, or to contract that there should be no guaranty whatever. They have here, by an agreement between them, expressed the warranty of quality, its nature, and character, the price to be paid upon the failure thereof, and the conditions upon which such payments were to be made. By so doing, they have expressed themselves with respect to obligations created by an implied warranty on the same subject-matter of quality, and the implied obligations are necessarily excluded by those expressed. In other words, they have expressed the warranty of quality by which they meant to be bound, and hence the principle invoked by the defendant has no application. The court fully charged the jury as to the law of an implied war-

ranty, and in substance, charged them that the defendant was entitled to recover all damages sustained by it for a failure of such warranty, unless the jury found there was an agreement of warranty entered into between the parties, in which event the defendant could not recover on the theory of an implied warranty, but that its right of recovery was restricted to the agreement.

We think the law with respect to the rights of the defendant was fairly stated to the jury, and that the defendant has no cause to complain of the rulings. The judgment of the court below is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.