*B. H. Moye,* contra.

--------

5844.  INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.*
BOWEN.

RUSSELL, C. J.  1. While, under the decision in *McDaniel* v. *Mallary Machinery Co.,* 6 *Ga. App.* 848 (66 S. E. 146), the jury might have been authorized to find that the written notice of defects as required by the contract was waived, it was error for the court to charge the jury, as a matter of law, that the plaintiff, as a result of the action of its agents in regard to the transaction, had waived its right to any written notice of defects from the defendant.  This was a question for the jury.

2. If notice of defects had been given as required, or if, by the acts of the parties, it had been waived, the defendant would be let in to his defense of failure of consideration, if the plaintiff failed, after a reasonable time, to send a competent man to put the machine in order; and this would be true without reference to whether he returned the machine.  However, if such a man was sent, and the machine was not then "made to work well," as stipulated in the contract, it was incumbent upon the purchaser to show this and immediately to return the machine to the sender, before he could plead failure of consideration.  The fact that the defendant, according to his own testimony, did not return the machine at all, or even offer to return it for more than six months after it was delivered to him, was such a failure to comply with the conditions of his contract to "immediately return it" as to cut him off from the defense of failure of consideration, and the verdict in his favor was unauthorized.  The present case is very similar to that of *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034), both in the contract dealt with and the plea; and the ruling on the main question raised is controlled by the decision therein.  See also *McCormick Harvesting Machine Co.* v. *Allison,* 116 *Ga.* 445 (42 S. E. 778).

*Judgment reversed.*

DECIDED JUNE 12, 1915.

Complaint; from city court of Tifton—Judge R. Eve.  June 1, 1914.

*Fulwood & Skeen,* for plaintiff.

*Ridgdill & Mitchell,* for defendant.