## 7802. BROOKS et al. v. HICKMAN.

The court did not err in refusing to allow the defendants to introduce evidence in support of their pleas, or in thereafter directing a verdict in favor of the plaintiff for the full amount sued for.

DECIDED MARCH 19, 1917.

Complaint; from city court of Tifton—Judge Eve.   August 8, 1916.

*Skeen & Murray, J. S. Ridgdill,* for plaintiff in error.

*McGehee & McGehee, R. D. Smith,* contra.

BROYLES, P. J.   The plaintiff brought suit against the defendants on a promissory note for $1,000, dated January 27, 1906, and due October 1, 1909, payable to the order of J. Crouch & Son, and bearing an entry of credit of $134.03, dated December 20, 1909.   The plaintiff introduced also the following written instrument, dated December 24, 1908:  "Guarantee on the American Bred Grade German Coach Stallion 'Ramo.'   We have this day sold the American Bred Grade German Coach Stallion 'Ramo' to the Tifton German Coach Horse Company of Tifton, Georgia, and we guarantee the said stallion to be a satisfactory, sure breeder, provided the said stallion keeps in as sound and healthy condition as he now is and has proper care and exercise.   If the said stallion should fail to be a satisfactory, sure breeder with the above treatment, we agree to take the said stallion back and give the said company another stallion of equal value in his place, provided the said stallion is returned to us at Lafayette, Indiana, at our expense, in as sound and healthy condition as he is now in and in good flesh by June 1st, 1910.   Accepted and signed: J. Crouch & Sons; J. J. L. Phillips, President, German Coach Horse Company, Tifton, Georgia."   It was admitted by counsel for the defendants that this guarantee referred to a second stallion furnished to the defendants by Crouch & Sons, and about which the defendants were pleading failure of consideration.   It will be observed that this contract of guaranty was signed by J. Crouch & Sons, the sellers of the stallion, and J. J. L. Phillips, the president of the German Coach Horse Company of Tifton, Georgia; and under the facts of the case, as shown by the record, it is evident that Phillips, when he signed this contract, represented not only himself but all the other parties defendant, and that all are bound by it.   The note sued upon and the guaranty contract should be construed together, and when so construed it is clear that before the defendants could be let into their defense of a failure of consideration, they must show that they had returned the stallion as the contract stipulated they must do.   See *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034); *Case Threshing Ma-*

*chine Co.* v. *Cook,* 7 *Ga. App.* 631; *McCormick Harvesting Machine Co.* v. *Allison,* 116 *Ga.* 445 (42 S. E. 778); *Walker* v. *Malsby,* 134 *Ga.* 399 (67 S. E. 1039); *Fay* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826); *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (72 S. E. 40).

The law of implied warranty has no application to this case, as the stallion was sold under a contract of express warranty. *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854). As the defendants could not rely upon any implied warranty, then until they showed a compliance with the terms and conditions of the express-warranty contract, entered into between them and the sellers of the property, they could not plead a failure of consideration, either partial or total; and although the court had allowed them to file such pleas, it did not err in refusing to allow evidence introduced in support thereof. *Williams Mfg. Co.* v. *Warner Sugar Ref. Co.,* 125 *Ga.* 408, 412 (54 S. E. 95).

Under our view of the case it is immaterial whether or not the note sued upon was transferred and indorsed to the plaintiff before or after its maturity, since the defendants had no defense good against the original payees of the note.

The court did not err in directing a verdict for the plaintiff for the full amount sued for.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*