## 11194.   CHARLES v. TYLER.

JENKINS, P. J.   1. Where a purchaser seeks rescission of a contract for the purchase and sale of machinery, together with a recovery of the price paid therefor, and his claim to a rescission and recovery is based upon the express terms of the sale agreement, and where the agreement provides that the purchaser's right to rescind and recover back the purchase-money is conditioned upon his own compliance with certain obligations resting upon him, to the effect that after one day's trial of the machinery he must immediately notify the seller in writing of any defects existing therein, and must immediately return the machinery to the seller, if the efforts of the seller to make it operate properly should then fail, before the purchaser will ordinarily be entitled to claim his contractual right to a rescission the burden is upon him to show that he on his part had complied with the obligations thus resting upon him, and which, under the contract, were made prerequisite to the exercise of such right.  *McCormick Harvesting Machine Co.* v. *Allison,* 116 *Ga.* 445 (42 S. E. 778); *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854).

2. In such a suit by a purchaser, the burden of proof being upon him to set out and prove a compliance on his own part with the conditions precedent essential to his right to a rescission, a denial by the defendant of any breach of his own obligations under the contract, a denial of liability under the contract, and a denial of the facts set up by the plaintiff as amounting to a waiver by the defendant equivalent to a performance by the plaintiff of his contractual obligations prerequisite to his right of rescission, sufficiently raise the issue as to the performance by the plaintiff of the prerequisite duties and obligations devolving upon him by the contract.

3. Although reasonable stipulations contained in a contract of purchase and sale which provide conditions precedent to the right of the purchaser to set up his contractual right to a rescission will ordinarily be enforced, still it is within the power of the seller, either expressly or by implication, to waive his rights in this respect; and

under the pleadings and the evidence in the instant case it was a question for the jury to decide whether the conduct and course of dealings between the parties amounted to such a waiver on the defendant's part. *McDaniel* v. *Mallary Bros. Machinery Co.*, 6 *Ga. App.* 848 (66 S. E. 146). It was therefore error for the judge by his charge to limit the plaintiff's recovery to a strict compliance on his part with the conditions precedent contained in the contract.

4. The terms of a tender govern the effect of its acceptance or rejection. The rejection of a conditional tender does not dispense with a return or tender of the property by the purchaser, such as may have been provided for by the express terms of the contract. Irrespective of any question as to the implied waiver by the seller as to the time of the tender, his evidence in respect to the character of the tender, as finally made by the purchaser prior to the bringing of the suit, raised an issue as to whether or not the purchaser refused to part with the machinery except upon the payment of damages, and this evidence of the defendant as to the nature of the tender authorized the charge of the court upon that subject.

5. The charge of the court in respect to the defendant's plea of accord and satisfaction was not adjusted to the defendant's own evidence, and might have been harmful to the plaintiff.

*Judgment reversed. Stephens and Smith, JJ, concur.*

DECIDED AUGUST 16, 1920. REHEARING DENIED SEPTEMBER 27, 1920.

Action for breach of warranty; from Whitfield superior court —Judge Tarver. December 13, 1919.

Statement by JENKINS, P. J. A contract for the purchase of certain machinery, dated March 19, 1918, contained an exclusive express warranty and provided in part as follows: "If upon one day's trial with proper care the property fails to work properly, the purchaser shall immediately give written notice to the seller, stating wherein the property fails, shall allow reasonable time for a competent man to be sent to put it in good order and render necessary and friendly assistance to operate it. If the property cannot then be made to work well, the purchaser shall immediately return it to said seller and the price paid shall be refunded, which shall constitute a settlement in full of the transaction." The purchaser, claiming total failure of consideration, sought a rescission under the terms of the contract, a copy of which was attached to the petition, and sued for the full purchase-price paid. The plaintiff alleged, that after properly attempting to operate the machinery, it failed to do the work for which it was designed, and that as soon as he ascertained its defective condition he orally notified the defend-

ant, who stated that the trouble was minor and easily remedied, and that he would immediately put the machinery in proper condition; that soon thereafter the defendant did send a mechanic to work on the machinery, and the mechanic claimed that he put it in proper condition; that "for a short while" thereafter the machinery could be made to operate, but even then not satisfactorily, and that "finally" it got into such condition that it would not operate at all; that the plaintiff then again complained of the machinery to the defendant, who again assured him that the trouble was unimportant and that it could and would be made to operate properly; that the plaintiff, being much in need of the machinery, relied upon these assurances and promises, and awaited the coming of a mechanic from the factory, who endeavored to put the machinery in proper order; that after the second overhauling it operated "for a round or two," but not satisfactorily, and soon failed entirely. The plaintiff alleged and testified that he kept and retained the machinery throughout the year 1918, because of repeated promises of the defendant that it would be made to operate properly in time to turn the plaintiff's crop for 1919, but that after repeated unsuccessful efforts on the defendant's part to put the machinery in proper condition, and after a final rebuilding of it by the defendant, he ascertained that it could not be remedied, and that on or about June 1, 1919, and prior to the bringing of this suit, he tendered back the property and demanded a return of the purchase-money.

The defendant admitted the sale, the contract of sale, and the payment of the purchase-money, but denied every other allegation of the petition. As a further defense he pleaded as follows: "That after some complaint had been made by the plaintiff herein with reference to the manner in which said tractor had been working the said plaintiff agreed with this defendant that if he (the defendant) would have certain portions of said tractor rebuilt, that he (the plaintiff) would release defendant from any and all liability which plaintiff claimed defendant was under by reason of the contention of said plaintiff that said tractor would not work satisfactorily. Thereupon defendant herein, for the consideration aforesaid, agreed to have said tractor rebuilt in the respects above mentioned, and thereafter, in compliance with his agreement, did have said tractor rebuilt, accord-

ing to his promise, and after the work had been performed the same was accepted by the said plaintiff, all of which constitutes an accord and satisfaction so far as this defendant is concerned, and he is therefore not liable to the plaintiff in the amount sued for, nor in any other amount."

The evidence of the plaintiff indicates that he offered to return the machinery about a month or six weeks subsequent to the time that the machinery was finally rebuilt by the defendant, that this tender and the demand for the return of the purchase-money were refused, and that the return of the machinery was then waived. The defendant testified that the plaintiff's tender was not unconditional, but was "coupled" with the demand that the machinery be surrendered on condition that the defendant return the purchase-money and pay the plaintiff's claim for damages. The trial judge in substance charged the jury that where there is an express warranty as to quality, and by the terms of the agreement the right to a rescission is predicated upon reasonable named conditions, which must be performed by the buyer before such right to rescind can attach, the seller will not be held liable on his agreement to rescind, unless the buyer complies with such prerequisite on his part. He charged them that if the vendor had in effect waived the prescribed notice in writing of the defects, by accepting oral notice thereof, the vendee was still charged with the duty, after waiting a reasonable time for the defects to be remedied, to return the property to the seller, and that if after the repair work had been done the machinery continued to prove unsatisfactory, it then devolved upon the purchaser, under the terms of the contract, to return the same immediately, and that his failure to do so would prevent a recovery unless the vendor refused to accept it. The jury found for the defendant.

The plaintiff, in his motion for a new trial, took various exceptions to the charge of the court, which resolved themselves into two main or general contentions, to the effect (1) that since the defendant did not set up in his plea a failure by the plaintiff to comply with the contract stipulations relative to the conditions precedent necessary to his right to a rescission, the court erred in charging that a compliance therewith was necessary to his right to a rescission; (2) that the court's instructions relative to the law governing a rescission were not adjusted to the provis-

ions of the particular contract, since, under this sort of an express contract governing a rescission, despite the contractual obligations in reference to the prompt return of the property, no return or tender, or at least no technical tender of the machinery, was required; it was also complained (3) that the court did not give in charge the principle embodied in § 4227 of the Civil Code (1910), that "where parties in the course of the execution of a contract depart from its terms and pay or receive money under such departure, before either can recover for the failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement;" the contention of the plaintiff being that "under the evidence in this case the plaintiff had indulged the defendant by allowing him to make frequent attempts to repair the machine sold, so that it would comply with the terms of the warranty, and had kept the machine and had not availed himself of his right to rescind the contract of sale, upon the repeated assurances of the defendant that the machine would be made satisfactory; and that the jury should therefore have been instructed to consider this course of dealing and the law applicable thereto in the code section just cited, in determining the question of whether the plaintiff was satisfied to exact compliance with the provisions of the contract as to its rescission in case the property sold did not successfully perform the work for which it was designed;" (4) that the court erred in charging the jury that an offer to return the machinery, coupled with an attendant claim for damages as a condition precedent to the return, would not constitute a sufficient tender; this exception being based both on the ground that there was no evidence to authorize it, and that the rule stated is not in accordance with law; and finally (5) the plaintiff in error excepts to the charge of the court relative to the accord and satisfaction pleaded by the defendant, in that the court charged the jury as follows: "I charge you that if the plaintiff and the defendant entered into an agreement whereby the defendant was to have the machine in question rebuilt, and this was accepted as a satisfaction of all matters of difference between the plaintiff and the defendant, and of the defendant's obligations under the alleged contract of warranty, and if, after entering into this agreement, the de-

fendant complied with his part of such agreement by having the machine in question rebuilt, that would operate as a satisfaction of all claims of the plaintiff against the defendant, if those be the facts." It is alleged that the court in so charging erred because, under the evidence of the defendant himself, there was not merely an agreement that the machine was to be rebuilt, but the understanding was that in so doing it was to be put "in first class shape" before he was to be thereby relieved of his obligation under the contract.

*R. H. House, Maddox, McCamy & Shumate,* for plaintiff.

*Napier, Wright & Wood, F. K. McCutchen, C. D. McCutchen,* for defendant.

### ON MOTION FOR REHEARING.

JENKINS, P. J. Counsel for the defendant contend that paragraph 3 of the court's syllabus fails to take into account the fact that the trial judge, by his charge to the jury, in fact authorized them to find that the obligations resting upon the plaintiff as prerequisite to his contractual right to a rescission had been expressly or impliedly waived by the line of conduct and the course of dealings between the parties. In the statement of facts accompanying the original syllabus upon the law of this case it was pointed out that the court charged the jury, that "if the vendor had in effect waived the prescribed notice in writing of the defects by accepting oral notice thereof, the vendee was still charged with the duty, after waiting a reasonable time for the defects to be remedied, to return the property to the seller, and that if after the repair work had been done the machinery continued to prove unsatisfactory, it then devolved upon the purchaser, under the terms of the contract, to immediately return the same, and that his failure to do so would prevent a recovery, unless the vendor refused to accept it." We think the charge of the court in thus limiting the question of waiver, which the jury were authorized to consider, to the one proposition of verbal instead of the required written notice, was too narrow and restricted. Unless the jury, under proper instruction from the court, had found for the defendant under its special plea of accord and satisfaction, then, under the pleadings and evidence, we think it was a question for them to say whether the conduct and course of dealings between the parties was such as to indi-

cate that a waiver of the "immediate return" of the machine, after the several alleged unsuccessful efforts to repair its alleged defects, was in contemplation of the parties; and, if so, whether an actual good but belated tender by the plaintiff in accordance with the terms of the contract was ever finally made. In our opinion none of the grounds of the motion authorize a rehearing, and it is therefore denied.

*Rehearing denied. Stephens and Smith, JJ, concur.*