11823.    YOUNG-JONES HARDWARE CO. *v.* DEWEY.

HILL, J.    1. Where the judge who heard the motion for a new trial was not the judge who presided at the trial of the case, the rule with reference to the weight of the opinion of the trial judge upon the facts does not have the same broad application. *Monahan* v. *National Realty Co.*, 4 *Ga. App.* 681(8) (62 S. E. 127); *Ford* v. *Harris*, 4 *Ga. App.* 467 (61 S. E. 881).

2. Where a contract gives to the purchaser of personalty sold under an express warranty the right, upon compliance with specified conditions, to return it to the seller, a mere notice to the latter that the property is held subject to his order is not a compliance with the terms of the contract. Nor was a statement by the purchaser that "the machine was down at his farm and that he [the seller] could go down there and get it" a compliance with the terms of the contract to *return* the machine to the seller. *Malsby* v. *Young*, 104 *Ga.* 205 (3) (30 S. E. 854); *Case Threshing Machine Co.* v. *Cook*, 7 *Ga. App.* 635 (67 S. E. 890).

3. Where, in a contract of sale of a machine, it was stipulated that the purchaser should have until a definite time to try the machine, in order to determine if it came up to the express warranty, the definite time of trial was of the essence of the contract, and, if the purchaser retained possession of the machine beyond the time limited, this amounted to an approval of the machine and made the sale absolute. *O'Donnell* v. *Wing*, 121 *Ga.* 720 (49 S. E. 720); *International Filter Co.* v. *LaGrange Ice & Fuel Co.*, 22 *Ga. App.* 167 (95 S. E. 736).

4. Upon a review of all the evidence the verdict for the plaintiff, which

was directed by the trial judge, was demanded, and the judge who heard the motion for a new trial erred in granting another trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 16, 1921.

Complaint; from city court of Quitman — Judge Baum. August 17, 1920.

Application for certiorari was denied by the Supreme Court.

*Bennet & Harrell,* for plaintiff.

*Morris & Weston, Branch & Snow,* for defendant.