13346.   SMITH *et al.* v. JEFFREY MANUFACTURING COMPANY.

</div>

Where machinery is sold and delivered under a written contract which contains the provision that if the machinery furnished fails to perform the work as specified in the contract, it is mutually agreed that the seller agrees to receive back the machinery, and that the purchaser in consideration thereof releases the seller from all claims, losses, or damages of any description, arising either directly or indirectly from the installation of the machine, or in any other manner related to the contract, the purchaser must return the machinery to the seller, or

make a lawful tender thereof, before he can plead a failure of consideration in a suit brought by the seller to recover the balance alleged to be due on the contract price of the machinery.

DECIDED MAY 9, 1922.

Complaint; from city court of Blakely — W. G. Post, Judge pro hac vice. January 16, 1922.

This suit was brought by the Jeffrey Manufacturing Company against H. G. Smith and W. B. Hattaway, to recover a balance alleged to be due on the purchase-price of a certain machine sold and delivered to the defendants under a written contract. The portions of the contract which are material to a decision of the case are as follows: " The described machine is guaranteed by the Jeffery Manufacturing Company to have a capacity of not less than six tons of pulverized limestone per hour when operated at proper speed by not less than thirty steam-horse-power and the workmanship and material are guaranteed to be first class. Any part of the within specified machinery which may prove defective in workmanship or material will be replaced f. o. b. factory within one year from the date of delivery, providing examination proves the claim, but it is expressly agreed that no further claim for damages or loss in connection therewith will be made or allowed. If the machinery furnished under this contract fails to perform the work specified therein, it is mutually agreed that the Jeffery Manufacturing Company hereby agrees to receive back said machinery providing the machinery is received back in good condition, reasonable wear and tear from proper usage only excepted, and the purchaser in consideration thereof hereby releases the Jeffrey Manufacturing Company from all claims, losses, or damages of any description, arising either directly or indirectly from the installation of the said machinery, or in any other manner related to this contract. . . The foregoing agreement embodies the complete understanding of the parties hereto, and it is distinctly understood that all previous communications or statements by either party are hereby withdrawn and annulled and that no modification of this agreement shall be binding upon the parties except same shall be in writing duly accepted by the purchaser and approved in writing by an executive officer of the Jeffrey Manufacturing Company at Columbus, Ohio."

The defendants in their joint answer denied liability, alleging that the plaintiff had failed to comply with its obligations under

the contract sued on, and also, by way of special plea, sought to recover damages against the plaintiff for a breach of warranty. The plaintiff demurred to the fifth and sixth paragraphs of the answer. Those paragraphs contained the main defenses to the suit and also the special plea of damages. The demurrer was sustained and the defendants filed exceptions pendente lite. Subsequently the court, sitting, by consent, without the intervention of a jury, rendered judgment in favor of the plaintiff for the full amount alleged to be due as the balance of the purchase-price of the machine sold to the defendants. The case came to this court upon exceptions to the sustaining of the demurrer and to the action of the court in entering up final judgment in favor of the plaintiff for the full amount sued for.

*Glessner & Collins,* for plaintiff in error.

*Yeomans & Wilkinson, A. H. Gray,* contra.

BROYLES, C. J. (After stating the foregoing facts). It is clear, from a reading of the contract which is the basis of this suit, that, in order for the defendants to successfully defend on the ground of failure of consideration, or to recover damages for the alleged breach of any warranty contained in the contract, it was incumbent upon them first to return the machine to the plaintiff. It appearing from paragraphs five and six of their answer that they had not complied with the terms of the contract as to a return of the machine in case it proved unsatisfactory, the court did not err in sustaining the demurrer thereto. There is no merit in the contention of the defendants that the return of the machine was merely permissive and optional. On the contrary, the provision of the contract as to the return of the machine was mandatory. The books of this State fail to disclose any case directly in point, but there are a number of cases from other courts of last resort which decide the question now under consideration. In Adam *v.* Richards, 2 H. Bl. 573, where the horse was sold with an express warranty *and an agreement to take him back* if not found as warranted, it was held that it was incumbent on the purchaser to return the horse as soon as the faults were discovered. And in Austin Mfg. Co. *v.* Clendenning, 21 Ind. App. 459 (52 N. E. 708), where, on the sale of a rock crusher warranted as having a certain capacity, it was agreed that if, after a certain time, the sellers should fail to make the crusher do the work as represented,

they would refund the freight charges *and receive back the machine,* it was held that the purchaser could not maintain an action for damages, since he had not made a tender of the crusher to the sellers. In Hoover *v.* Doetsch, 45 Ill. App. 631, where a harvesting machine was sold with a warranty that it was well built, of good material, and would do good work, and the printed warranty contained a condition that, should the machine fail to work properly when started, due notice should be given to the seller, and time should be allowed to send a person to put it in order, and, if it was not then made to work well, *it might be returned,* it was held that a return of the machine was a condition precedent to a suit on the warranty, and since the purchaser had neglected to do that, he was not entitled, in an action to recover the price of the machine, to recoup as damages for the breach of the warranty. It will be noted that in that case the language used, to wit, " it might be returned," is much more susceptible of a construction that it connoted an option to return the machine than the language used in the instant contract. The same may be said of the case of Horner *v.* Fellows, 1 Dougl. (Mich.) 51, where a note was given for the purchase-price of a fanning mill, to which was added that it was given for a fanning mill warranted to be good henceforth; and, if not good, *the signer to have the privilege of returning it* within a certain time, and the court held that the vendee was bound to return the mill, according to the conditions of the note or contract, before he could avail himself of any defect in it for his defense. Likewise, in the case of Haynes *v.* Plano Mfg. Co., 36 Tex. Civ. App. 567 (82 S. W. 532), it was held that, where a contract for the sale of a harvesting machine contains a stipulation that the buyer *may return it* in the event that the machine is not as warranted, it is necessary for the purchaser, on a breach of the warranty, to return the machine before he is entitled to the surrender of his notes. For other cases in point, see footnote to the case of Wasatch Orchard Co. *v.* Morgan Canning Co., 32 Utah, 229 (89 Pac. 1009, 12 L. R. A. (N. S.) 540, 545).

The allegation in the special plea, that the defendants stated to one of the plaintiff's expert mechanics, who had been sent to inspect and put the machine in satisfactory condition, that the machine wholly failed to come up to the express warranty set forth in the contract, and that unless the company exercised its

option under the terms of the contract to rescind the sale and take back the machine, returning to the defendants the $500 already paid on the purchase-price, they would hold the company liable for all damages which they had or might sustain by reason of such breach of warranty, is insufficient to show a return of the machine to the seller, or a lawful tender thereof. Moreover, even if this allegation could be treated as an offer to return the machine to the seller, it would not be a lawful tender thereof in accordance with the terms of the contract, since it is not alleged that the machine was, at the time the statement was made to the plaintiff's mechanic that it wholly failed to come up to the contract warranty, " in a good condition, reasonable, wear and tear from proper usage excepted." Nor is it alleged that the machine was tendered to an officer of the plaintiff company authorized to accept the same. That the tender must be a lawful one and in accordance with the terms of the contract, see *McCormick Harvesting Co.* v. *Allison,* 116 *Ga.* 445 (42 S. E. 778); *Malsby* v. *Young,* 104 *Ga.* 205 (30 S. E. 854; *Case Machine Co. v. Cook,* 7 *Ga.* App. 631 (67 S. E. 890).

After the special defenses set out in paragraphs five and six of the answer had been stricken on demurrer, the remaining portions of the answer interposed no good defense to the action, and the court, sitting, by consent, without the intervention of a jury, did not err in rendering judgment in favor of the plaintiff for the full amount sued for.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*