15078.   KISER COMPANY *v.* MENDEL DEPARTMENT STORE.

There being no evidence by which the extent of the alleged failure of consideration may be determined, the verdict for the defendant must be set aside.

DECIDED APRIL 24, 1924.

Appeal; from Polk superior court—Judge Irwin. September 21, 1923.

*W. K. Fielder,* for plaintiff.

*Mundy & Watkins,* for defendant.

JENKINS, P. J. The Kiser Company made a shipment of shoes to the defendant at the invoice price of $461.50. The goods were sold under an implied warranty. Defendant kept and used all of the shipment except a remnant, the invoice price of which amounted to $51. This remnant of shoes he undertook to return to the vendor. The suit is for the unpaid balance of the original invoice, amounting to the said sum of $51. The defendant pleaded failure of consideration, and on the trial of the case testified that he had returned the unsold remnant in order to "balance the account." He testified that the returned goods, together with other portions of the shipment comprising the same brand as those returned, were grossly inferior in quality to the kind and character of goods which he had the right to expect under his implied warranty.

The case in all its material elements is almost identical in its facts and is controlled by the recent ruling of this court in *Kiser Co.* v. *Branan,* 31 *Ga. App.* 241 (120 S. E. 427). Here, as in that case, the defendant could not and does not rely upon a rescission of the contract. Here, as in that case, the evidence fails to show that the goods returned were absolutely worthless, but was ample to sustain a finding that they, together with a portion of the same brand of shoes which had been used by the defendant, did not come up to the implied warranty. The record fails in this case, as in that case, to show, without reference to the return of the remnant of goods sued for, in what amount the defendant had been damaged by way of failure of consideration. Accordingly, on account of the lack of any testimony by which it is possible to determine the extent to which the consideration has failed, the verdict for the defendant must be set aside and a new trial granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*