## 16362. SINGER COMPANY v. GRAY & SON.

BELL, J. 1. Where suit was brought in the name of "Y. S. B. Gray & Son," it was prima facie by a partnership, and was not subject to a demurrer complaining that there was a failure to show the plaintiff's identity, or the capacity in which the plaintiff sued, and that it did not appear whether the plaintiff was a corporation, a partnership, or individuals doing business under a trade name. *Dublin & Southwestern Ry. Co.* v. *Akerman*, 2 *Ga. App.* 746 (1) (59 S. E. 10); *Buffington* v. *State*, 124 *Ga.* 24 (3) (52 S. E. 19). Such demurrer did not raise any question as to whether the petition should have set forth the names of the members of the partnership. See, in this connection, *Bremen Foundry & Machine Works* v. *Boswell*, 22 *Ga. App.* 434 (96 S. E. 182); 15 Encyc. Pl. & Pr. 914.

2. Where a manufacturer entered into a contract agreeing to give the other contracting party "exclusive control of the jobbing sale" of the manufacturer's products in a certain city and the surrounding territory, including a number of towns and cities specified, and the other party agreed to co-operate with the manufacturer and to use his best efforts in the sale of the products in that territory, and where subsequently the parties from time to time entered into other agreements, in which they dealt with each other as vendor and purchaser, and where suit was brought by the manufacturer against the other party to recover the purchase price of a certain quantity of goods furnished under one of such latter contracts, the fact of the making of the preliminary agreement as to the sale and distribution of the products in the territory designated did not show that as to the subsequent transactions the parties were acting as principal and agent, and not as vendor and purchaser.

3. Where goods were sold under an agreement in which it was provided that if they proved to be defective or inferior they might be returned to the seller, who, in such event, would refund the purchase price paid, or disclaim the same if it had not been paid, the buyer, in order to invoke such provision of the contract in defense to a suit for the purchase price of goods delivered, or for the purpose of recouping sums which had been paid, should show not only that the goods were not as warranted, but also that he returned the goods or that he tendered them in accordance with the terms of the agreement. *Malsby* v. *Young*, 104 *Ga.* 205 (3) (30 S. E. 854); *McCormick Harvesting Machine Co.* v. *Allison*, 116 *Ga.* 445 (2) (42 S. E. 778); *Dickey* v. *Winston Cigarette Machine Co.*, 117 *Ga.* 131 (2) (43 S. E. 493); *Case Threshing Machine Co.* v. *Cook*, 7 *Ga. App.* 631 (1) (67 S. E. 890); *International Harvester Co.* v. *Bowen*, 16 *Ga. App.* 457 (2) (85 S. E. 613); *Brooks* v. *Hickman*,

19 *Ga. App.* 512 (91 S. E. 1003) ; *International Filter Co.* v. *LaGrange Ice & Fuel Co.,* 22 *Ga. App.* 167 (2) (95 S. E. 736) ; *Charles* v. *Tyler,* 25 *Ga. App.* 626 (3) (104 S. E. 93) ; *Young-Jones Hdw. Co.* v. *Dewey,* 26 *Ga. App.* 521 (2) (106 S. E. 593) ; *Smith* v. *Jeffrey Mfg. Co.,* 28 *Ga. App.* 537 (112 S. E. 161).

4. The failure of the buyer to return or tender the goods in such case would not be excused merely because, after the delivery of the goods to him under the sales agreements, the seller promised the buyer that he would sell the goods to some one else and give him shipping instructions, and the buyer thereupon held the goods pending the receipt of such instructions, where such promise on the part of the seller was made in view of a controversy between the parties as to some matter not relating to the quality of the goods, and where at the time of the promise the buyer had raised no question as to the quality of the goods, and was in no wise seeking to avail himself of his right to return them because of a breach of the warranties. Nor would such promise by the seller, not in writing, to take back the goods which were in the buyer's possession under complete and executed sales, constitute any other ground of defense, where the value of the goods amounted to more than fifty dollars, so that the promise was unenforceable under the statute of frauds.

5. Even assuming that the provision of the sales agreements referred to above was not such as to exclude the implied warranties of the law (*Elgin Jewelry Co.* v. *Estes,* 122 *Ga.* 807 (2) (50 S. E. 939) ), and assuming also that, notwithstanding such provision, the defendant might have availed himself of the defense of failure of consideration, because of the breach of express or implied warranties, the evidence failed to show either that the goods were worthless or to furnish any data by which the jury could have determined the extent of a partial failure of consideration; and because of such infirmities in the evidence the defendant was not entitled to an abatement of the purchase price, either in whole or in part, on account of the alleged failure of consideration. See, in this connection, *Kiser Co.* v. *Branan,* 31 *Ga. App.* 241 (120 S. E. 427) ; *Kiser Co.* v. *Mendel Department Store,* 32 *Ga. App.* 194 (122 S. E. 794).

6. Where parties have reduced to writing what appears to be a complete and valid contract for the sale of chattels, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire agreement, and it will not be permissible to vary the same by proof of a contemporaneous parol agreement to the effect that the goods referred to in the contract were not sold, but were merely delivered to replace other goods which the alleged buyer had returned to the alleged seller for substitution. *West* v. *Miller,* 32 *Ga. App.* 199 (1) (122 S. E. 809).

7. Applying the above rulings to the facts in the instant case, the verdict found in favor of the plaintiff was demanded. No errors were committed against the defendant in the admission of evidence, and it does not appear that any evidence was excluded which could have changed the result. The verdict as returned being required by the law and the facts, any errors in the charge of the court, and any alleged improper

remarks by the judge in the presence of the jury, were harmless. The judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED SEPTEMBER 9, 1925.

Certiorari; from Fulton superior court—Judge E. D. Thomas. February 13, 1925.

*A. S. Grove,* for plaintiff in error.

*George B. Rush,* contra.