## 20612. McCRAY REFRIGERATOR SALES CORPORATION v. NEW.

DECIDED FEBRUARY 17, 1931.

*James A. Dixon, Albert L. Cobb,* for plaintiff.

*L. P. Strickland,* for defendant.

BELL, J. Where the subject-matter of a written contract of sale was a chattel described as "one No. 3010 display case," a stipulation therein that "the use of the property described herein, or any portion thereof, for a period of five days, constitutes an acceptance of the same as complying with all the terms and specifications of this contract, and all claims of damages, errors, or shortage not filed within that time are hereby waived," though perhaps not excluding altogether the implied warranty of the law (*John A. Roebling's Sons Co.* v. *Southern Power Co.,* 142 *Ga.* 464 (83 S. E. 138, L. R. A. 1915B, 900); *Colt Co.* v. *Bridges,* 162 *Ga.* 154, 132 S. E. 889; *Hawley Down-Draft Furnace Co.* v. *Van Winkle Gin &c. Works,* 4 *Ga. App.* 85, 60 S. E. 1008; *Powell Co.* v. *Cowart,* 37

*Ga. App.* 215, 139 S. E. 585), amounted to an agreement that the retention and use of the property by the purchaser for a period of five days, without complaint within that time, would constitute an admission that the property complied with all warranties; and in a suit for the purchase-price, where it appeared in the defendant's answer that he had retained and used the property for more than five days, but made no complaint within such period, or the answer was silent as to the making of such complaint, the defendant could not, in the absence of fraud, accident, or mistake, rely upon a breach of warranty (or failure of consideration), either to defeat the action or for the purpose of recouping and recovering back amounts that he had paid on the purchase-price. In *Fay & Eagan Co.* v. *Dudley,* 129 *Ga.* 314 (2) (58 S. E. 826), in dealing with a similar stipulation, the Supreme Court said: "It may be that this was a very unreasonable stipulation, but the parties have made their own contract and must abide by its terms. If the defendant retained the machine during the time referred to in the above stipulation in the contract, such retention amounted to an admission that the representations made by or for the plaintiff were true and avoided all warranties. Unreasonable stipulations of a similar character to the one now under consideration appear in numerous contracts; but it has been uniformly held that the parties must abide by the terms of their contract in the absence of fraud, accident, or mistake."

It was entirely permissible for the purchaser to waive any and every sort of warranty, even the implied warranty of the law; and since he was at liberty to do this, it follows that he was free to do the lesser thing of providing the terms and conditions upon which he might insist upon such warranty or warranties as were not waived. It would be a fraud, of course, for the vendor to conceal defects knowing that they were latent and not reasonably discoverable within the time specified; and where in such a case the defects were not actually discovered within that period, the suit would be open to defense "at least to the extent of the partial failure of consideration occasioned by the fraud." *Beasley* v. *Huyett,* 92 *Ga.* 273 (3) (18 S. E. 420).

The nature of the present case may be sufficiently understood from what has been said above. Upon application of the rulings made, we necessarily hold that the defendant's answer failed to set

forth any valid defense and should have been stricken on the plaintiff's motion. The error in overruling this motion was controlling and rendered the further proceedings nugatory. See, in this connection, *McCormick Harvesting Co.* v. *Allison,* 116 *Ga.* 445 (2) (42 S. E. 778); *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (2) (72 S. E. 40); *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034); *City of Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (4) (65 S. E. 315); *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (3) (94 S. E. 892); *Singer Co.* v. *Gray,* 34 *Ga. App.* 345 (3) (129 S. E. 555); *Colt Co.* v. *Bridges,* 34 *Ga. App.* 422 (129 S. E. 904); *Meredith* v. *Fay,* 36 *Ga. App.* 506 (137 S. E. 409).

*Judgment reversed.* °*Jenkins, P. J., and Stephens, J., concur.*