23989. OLIVER FARM EQUIPMENT SALES COMPANY *v.* NEELY *et al.*

SUTTON, J. 1. Where certain farm-equipment machinery is sold under an express warranty as to quality, and by the terms of the contract of sale it is provided that on breach of such warranty the liability of the seller to the purchasers is predicated upon the performance of certain conditions precedent by the purchasers, such as that "the buyer shall not be entitled to rely upon any breach of the above warranty or to rescind this contract, unless within five days from the first use thereof, for any purpose, the buyer shall immediately have given written notice by regis-.

tered mail" to the seller, "stating wherein such machinery fails to fill such warranty," and that reasonable time after such notice shall be allowed such company (the seller) to get to the machinery and remedy the defect, and "if after such notice and opportunity . . the machinery can not be made to fulfil such warranty, it shall be returned immediately by the buyer to the place from which received, such company having the option to furnish other machinery, . . or to return to the buyer the portion of the purchase price applicable to the defective machinery. . . Variance by the purchaser from any of the provisions above mentioned shall be a qualified waiver of any warranty," the seller will not be held liable on the warranty unless the buyer complies with such conditions. *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034).

2. Accordingly, where the defendants purchased from the plaintiff on May 26, 1931, certain farm machinery, executing notes for the purchase price thereof, which were secured by a sale contract containing conditions as above stipulated, and where the machinery was delivered to the defendants, and the plaintiff's sales agent who sold the machinery to the defendants was present and knew that it was defective and did not suitably perform the work for which it was intended, being notified of that fact by the defendants, and where the defendants did not notify the home office or any branch office of the plaintiff, by registered mail or otherwise, within five days from the first use of the machinery, that it would not perform the work, but on the contrary retained possession of it and did not offer to return it, until, after default in the payment of the notes, suit was filed thereon against them in January, 1933, when they filed the defense of failure of consideration, setting up the above facts, a verdict in favor of the defendants on such plea was unauthorized and contrary to law. *Walker* v. *Malsby Co.,* 134 *Ga.* 399 (67 S. E. 1039); *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (72 S. E. 40).

   (a) Under numerous decisions of our courts of last resort, under the clause of the contract above referred to, notice within five days after the first use of the machinery sold was a condition precedent to recovery by the defendants. *Robinson* v. *Woodruff Machinery Manufacturing Co.,* 23 *Ga. App.* 426 (98 S. E. 405), and cit.; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (3) (94 S. E. 892).

   (b) Under the contract in this case, this conduct on the part of the defendants, in failing to notify the plaintiff and not offering to return the machinery to it in performance of the conditions precedent in said contract amounted to an acceptance of the machinery and a waiver of this defense. *Moultrie* v. *Schofield's Sons Co.,* 6 *Ga. App.* 464 (4) (65 S. E. 315); *McCray Refrigerator Sales Cor.* v. *New,* 42 *Ga. App.* 703 (157 S. E. 370); *Beasley* v. *Huyett,* 92 *Ga.* 273 (18 S. E. 420); *Fay* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826). The failure of the defendants to return the machinery amounted to a waiver of any right to call upon the seller for damages for breach of warranty. *Meredith* v. *Fay & Eagan Co.,* 36 *Ga. App.* 506 (137 S. E. 409); *Brooks* v. *Hickman,* 19 *Ga. App.* 512 (91 S. E. 1003).

3. The conduct of the sales agent of the plaintiff, who attempted to get

in proper working order the machinery sold under the above contract after it had been delivered to the defendants, did not amount to a waiver of the conditions precedent in the contract, to be performed by the defendants before the liability of the plaintiff for a breach of warranty would be available. The contract provided that "Any assistance rendered after the foregoing warranty has been waived or fulfilled shall not operate as an extension or revival of such warranty," and that "No . . agent . . has authority to alter, add to, or modify the above warranty, which is fully understood and agreed to by the buyer and is in lieu of all other warranties, expressed or implied." *Case Threshing Machine Co.* v. *Cook,* 7 *Ga. App.* 631 (2) (67 S. E. 890); *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* supra.

(a) Knowledge on the part of the sales agent of the plaintiff that the machinery sold was defective, where the notice provided in the contract was not given to the seller and the machinery was retained and used by the purchasers, was not sufficient to show a waiver by the seller of compliance with the above provisions of the contract. The defendants could not plead a failure of consideration in the suit brought to recover the amount due on the notes given for the purchase price of this machinery. *McCormick Harvesting Machine Co.* v. *Allison,* 116 *Ga.* 445 (42 S. E. 778); *Smith* v. *Jeffrey Manufacturing Co.,* 28 *Ga. App.* 537 (112 S. E. 161).

(b) The letters from the defendants to the plaintiff, written in July, 1931, to the effect that the machinery was giving them trouble, that something was wrong with it, that the plaintiff's agent had been there but had not made any correction of the defects, and that the plaintiff would have to make some adjustment, would not constitute such a notice of the defects or offer to return the property as would be a compliance with the provisions of the contract. *Malsby* v. *Young,* 104 *Ga.* 205 (3) (30 S. E. 854); *Dickey* v. *Winston Cigarette Machine Co.,* 117 *Ga.* 131, 134 (43 S. E. 493). This is especially true where the purchasers, after making the complaint, continued to keep the machinery in their possession and use it. *Case Threshing Machine Co.* v. *Cook,* supra.

4. The case of *Shanks* v. *Cowart,* 48 *Ga. App.* 30 (171 S. E. 774), and cases therein cited are distinguishable on their facts from the instant case.

5. It follows that the verdict in favor of the defendants was contrary to law and the evidence, and the trial court erred in overruling plaintiff's motion for new trial.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 10, 1934.

*Harris, Russell, Popper & Weaver, H. Cliff Hatcher,* for plaintiff.
*Lewis & Lewis,* for defendants.