26526. KONTOS *et al. v.* JORDAN.

DECIDED FEBRUARY 5, 1938.

*Hallie B. Bell, William L. West,* for plaintiffs in error.
*Smith & Smith,* contra.

SUTTON, J. 1. "No implied warranty that a machine, tool, or article is suitable to accomplish a particular purpose or to do a specific work arises where the vendor orders of the manufacturer, or purchases of the dealer, a specific, described, or definite machine, tool, or article, although the vendor knows the purpose or work which the purchaser intends to accomplish with it, and assures him that it will effect it. Such an assurance is but the expression of an opinion, when it is followed by a written contract, complete in itself, which is silent upon the subject. The extent of the implied warranty in such a case is that the machine, tool, or article shall correspond with the description or exemplar, and that it shall be suitable to perform the ordinary work which the described machine is made to do." *Kreutz* v. *McCray Refrigerator Sales Co.,* 54 *Ga. App.* 679 (188 S. E. 838) ; Seitz *v.* Brewers' Co., 141 U. S. 510 (12 Sup. Ct. 46, 35 L. ed. 837) ; Davis Calyx Drill Co. *v.* Mallory, 137 Fed. 332, 334 (69 L. R. A. 973); *Crankshaw* v. *Schweizer Mfg. Co.,* 1 *Ga. App.* 363 (58 S. E. 222) ; *DeLoach Mill Mfg. Co.* v. *Tutweiler,* 2 *Ga. App.* 493 (58 S. E. 790) ; *Fay & Eagan Co.* v. *Dudley,* 129 *Ga.* 314 (58 S. E. 826). See *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063).

2. The written contract under which the machine was sold in the present case contained no warranty as to what the machine would accomplish, and expressly excluded the implied warranty given by the law, and was assented to by the purchasers, who in fact do not in their special plea rely on any breach of warranty, but seek to avoid liability on the ground that fraudulent statements of the plaintiff's agents induced them to purchase the machine and sign the contract. Under the above authorities the alleged statements made as to a specific, distinct, and definite machine amount to mere expressions of opinion as to what the machine would accomplish, and do not constitute fraud entitling the purchasers to escape liability on such ground. It is not contended that the machine was not as described in the contract, or that the purchasers were misled as to the contents of the contract in signing the same, and no failure of consideration is set up in the plea.

(*a*) Assuming but not conceding that the statements of the plaintiff's agents were fraudulent, the allegations of the special plea do not show that the defendants unconditionally restored or

offered to restore the property to the plaintiff, and consequently the essentials of rescission are lacking. *Woodruff* v. *Cooper,* 180 *Ga.* 476 (179 S. E. 104), and cit.

(*b*) The allegations of the defendants' special plea that there was a mutual agreement between the parties to rescind the contract, which would amount to a resale of the property, did not set up a valid defense, inasmuch as the goods to be returned exceeded in value the sum of $50 and the agreement was not in writing as required by the statute of frauds. *Singer Co.* v. *Gray,* 34 *Ga. App.* 345 (4) (129 S. E. 555).

3. The judge did not err in sustaining the demurrers to the plea and answer, and, under the law and the evidence, in directing the verdict for the plaintiff and entering judgment accordingly. It follows that the judge of the superior court did not err in dismissing the certiorari.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*