NATIONAL COMPUTING SCALE COMPANY *v.* EAVES *et al.,* and *vice versa.*

116 511
p122 811

116 511
f127 200

1. A contract of sale contained a guaranty to keep the articles sold in repair during a given time following the sale, provided the buyer returned them to the seller for this purpose. There was no express warranty, nor did the nature of the transaction or anything in the contract exclude the implied warranty of the law. *Held,* that though in such a contract the seller impliedly warranted that the articles sold were reasonably suited to the uses intended, the purchaser could not defeat an action brought to recover the purchase-money, upon the ground that the articles were not so suited, unless it appeared that the articles when sold were so defective as not to be reasonably suited to the uses intended; or unless they became defective after the sale, and the seller, upon the articles being returned to him, had failed or refused to repair them within a reasonable time; or unless the defect thus arising was of such a character that it could not have been remedied even if the articles had been returned.

2. While as a general rule a purchaser of personal property, who pays a portion of the purchase-money with a full knowledge that the article sold is defective, can not recover the amount so paid, still if at the time the payment is made it is expressly agreed that the defects shall be removed, and the seller fails or refuses to do this, the fact that the payment was made with knowledge of the defect will not alone defeat a recovery.

3. Other than as above indicated, there was no error in any of the rulings complained of.

Argued October 10,—Decided October 31, 1902.

Complaint — appeal. Before Judge Fite. Bartow superior court. March 24, 1902.

*J. M. Moon,* for plaintiff.　*J. B. Conyers,* for defendants.

COBB, J. The National Computing Scale Company brought suit in the justice's court against Eaves and another, upon four promissory notes. The case was appealed to the superior court, and the trial there resulted in a verdict in favor of the defendants. The case is here upon a bill of exceptions sued out by the plaintiff complaining that the court erred in overruling its motion for a new trial; and a cross-bill of exceptions sued out by the defendants, assigning error upon various rulings adverse to them. The notes sued on referred to a contract which had been entered into between the parties, and made the same a part of each note. It appears from this contract that the plaintiff had sold to the defendants a set of computing scales for the sum of eighty dollars. In this contract appeared the following words: "Guaranty.—Should said National

Computing Scales get out of order at any time within two years from date of shipment, with ordinary use (not dropped or broken), the National Computing Scale Co. to quickly repair the same free of charge, the purchaser paying transportation charges to and from the factory." Other than this clause, there was no reference in the contract to the subject of a warranty. The defendants had paid one half of the purchase-money, and the notes sued on were for the balance claimed to be due by them. The defendants' plea set up that the consideration of the notes had entirely failed, and that the scales were not reasonably suited to the uses intended, and that by reason of these facts they had been damaged to the extent of the sums paid by them on the purchase-money and other damages set forth in the plea, resulting from an attempt to use the scales. While there is no express warranty in the contract, other than the warranty that the plaintiff will repair any defects when not brought about in a given way, still there is nothing in the contract which excludes the implied warranty of the law, nor is the transaction one of such a nature as that such warranty would be excluded. The plaintiff therefore, at the time of the sale, warranted that the scales were reasonably suited to the uses intended; and if this was not true by reason of any defect then existing, the plaintiff would not be entitled to recover, without regard to whether the defendants had given it any opportunity to make the scales so suited. But the defendants could not defeat a recovery on account of a defect which arose after the sale, unless it appeared that the scales were returned to the plaintiff and it had failed or refused to repair the same within a reasonable time, or unless it appeared that the defect was of such a character that it could not have been remedied by the plaintiff if the scales had been returned to it. If the scales when sold were not reasonably suited to the uses intended, or if the plaintiff, after they had been returned to it, had failed or refused within a reasonable time to repair a defect arising after the sale, or if such defect was of such a character that it could not have been remedied, the defendants would be entitled not only to a finding on their plea of failure of consideration, so far as the notes sued on were concerned, but also on their plea of recoupment, at least to the extent of the amount which they had paid on the purchase-money. See, in this connection, *Cochran* v. *Jones*, 85 *Ga.* 684. The charge of the judge was not in exact accord with what is above laid down;

and as the motion for a new trial contained a ground which assigned error upon specified portions of the charge, that the same were not adjusted to the facts of the case, the court erred in refusing to grant a new trial.

The foregoing disposes of all questions made by the main bill of exceptions that require extended notice. The court overruled a motion to strike a certain portion of the defendants' plea which set forth certain representations which had been made by the agent of the plaintiff to the defendants in regard to the character and quality of the scales. There being a written contract between the parties, which in terms set forth that it contained all of the stipulations entered into by them, the defendant can not be allowed by parol to add to or vary the terms of this contract. If the representations of the agent had this effect, the portion of the plea containing them should have been stricken. If the representations of the agent did not have the effect of adding to or varying the contract, that portion of the plea containing them should have been stricken as surplusage.

2. Complaint is made in the cross-bill of exceptions that the judge erred in charging the jury, in substance, that as the contract was made by the defendants after the latent defects were discovered and with a full knowledge of these defects, they could not recover any payments made, whether the machine was worth anything or not. As an abstract proposition of law, what was said by the court is probably correct, but the complaint is that the charge was error because it was not adapted to the facts of the case. The defendant Bentley testified distinctly that he made the payments upon the express promise of the attorney of the plaintiff that he would have the defects in the scales removed. If the jury believed that this was true, and also believed that the defects in the scales were of such a character that they could not be remedied, the defendants would be entitled to recover on their plea of recoupment. See, in this connection, *Means* v. *Subers*, 115 *Ga.* 371.

3. Attached to the summons in the justice's court were copies of the four notes sued on, and of the contract which was referred to in the notes and made a part of the same. A motion was made to strike the contract as an exhibit. There was no error in overruling this motion. The contract was a part of each note, and was properly exhibited to the summons. There was no error in refus-

ing to allow the defendants to amend their answer by filing what was characterized by them as a plea of non est factum. This plea was defective for the reason that it did not deny the execution of the contract, but on the other hand really admitted that the same had been executed by them. Nor was there any error in admitting in evidence the contract, without requiring the plaintiff to produce the subscribing witness.

*Judgment on both main and cross-bill of exceptions reversed. All the Justices concurring, except Lumpkin, P. J., absent.*