### 1225.  STIMPSON COMPUTING SCALE CO. *v.* TAYLOR.

1. The defendant having expressly agreed, in the contract signed by him, that no agreement or warranty other than that specified in the contract shall be binding upon the plaintiff, it was not permissible for him to prove that the plaintiff's agent made any other warranty.

2. A buyer who, with full knowledge of the defects in an article purchased by him, gives a note for the purchase-price is presumed to waive the

defects of which he has knowledge, and therefore will not be heard, in defense to an action brought to recover upon the note, to assert facts resting in his knowledge at the time he voluntarily contracted to pay.

3. This case is distinguished, as to its facts, from the *National Scale Co.* v. *Eaves*, 116 *Ga.* 511 (42 S. E. 783). In this case express warranty excludes implied warranty of suitableness and correctness of weight.

4. Where a defendant prevents the performance of a stipulation of a contract undertaken by the plaintiff, he is estopped from setting up in his own behalf any injury which may have resulted from the non-performance of such condition.

Certiorari, from Macon superior court—Judge Littlejohn. May 15, 1908.

Argued July 17,—Decided July 25, 1908.

*Jule Felton,* for plaintiff.   *J. A. Edwards,* for defendant.

RUSSELL, J.   The Scale Company brought a suit against Taylor in a justice's court, in Macon county, on a series of eight notes, given in pursuance of a contract which was sued upon. A verdict was rendered for the defendant, abating the suit on the notes and awarding $15 in favor of the defendant by way of recoupment. Upon certiorari the court passed an order affirming the judgment of the justice's court. The plaintiff asks a reversal of the judgment dismissing its petition for certiorari.

It is needless for us to consider exceptions taken to the testimony, or to determine whether, under the decisions in *Carter* v. *Buchanan*, 3 *Ga.* 513 (1), (2), and *Clayton* v. *Tucker*, 20 *Ga.* 452 (3), the testimony of the defendant would or would not ordinarily have been admissible as part of the res gestæ, because in the present case not only does the contract contain a provision that "this contract covers all agreements between parties hereto, and we hereby acknowledge receipt of a copy of the same," but it also contains an express warranty as to the accuracy of the scales. It "guarantees that the scale referred to in this contract shall be accurate in weight and computation." The principle ruled in *DeLoach* v. *Tutweiler*, 2 *Ga. App.* 493 (58 S. E. 790), must be applied. The express warranty is exclusive of all warranties arising by implication. And especially must this be true where the implied warranties are waived after full opportunity for examination and discovery of defects. The terms of the contract now under consideration especially exclude all anterior agreements and stipulations. See *National Scale Co.* v. *Eaves*, 116 *Ga.* 513 (42 S. E. 783);

*Biggers* v. *Equitable Mfg. Co.,* 124 *Ga.* 1049 (53 S. E. 674); *McCormick Harvesting Machine Co.* v. *Allison,* 116 *Ga.* 445 (42 S. E. 778). In the case last cited, it is true, the stipulation sought to be proved was made after the sale of the machine, but the court treats this only as an additional reason why the evidence should have been excluded, referring to it incidentally after having already ruled that the evidence was inadmissible for a stated reason. "The defendants had expressly agreed, in the contract signed by them, that no agreement or warranty other than that specified in the contract should be binding upon the plaintiff, and, therefore, it was not permissible for them to prove that plaintiff's agent made any other warranty."

2. The scales purchased by the defendant in this case were inspected by him and delivered to him before execution of the contract and the notes. He saw their exact condition. After seeing that they did not work accurately, he signed both the note and the contract. Granting it to be true that the agent assured him that the scales, with use, would become loosened and go to weighing accurately, he was also protected by the guarantee that if the scales should get out of order at any time within two years, the plaintiff would repair them free of charge. This proposition being embodied in the contract, the purchaser would have the right, at any time within two years, to call upon the vendor to put the scales in good condition. The purchaser, no doubt, relied upon the agreement to make the scales work accurately, which was embodied in the writing. But however this may be, a buyer who, with full knowledge of the defects in an article purchased by him, gives a note for the purchase-price is presumed to waive the defects of which he has knowledge, and, therefore, will not be heard to assert facts resting in his knowledge at the time he voluntarily contracted to pay, in defense to an action brought to recover upon these notes. *Sizemore* v. *Woolard,* 3 *Ga. App.* 261 (59 S. E. 833). See also *Kronman* v. *Rousch,* 3 *Ga. App.* 152 (59 S. E. 320).

3. Learned counsel for the defendant in error plants his case upon the decision in *National Scale Co.* v. *Eaves,* supra, and insists that, as it appears from the uncontradicted evidence that the scale was so defective as not to be reasonably suited to the use intended, and, indeed, was absolutely worthless, the plaintiff could not recover. There is one difference between the facts in the pres-

ent case and those in the *Eaves* case which wholly distinguishes the two cases. In the present case there is an express warranty that the scales shall be accurate in weight and computation. In the *Eaves* case Justice Cobb, delivering the opinion, calls attention to the fact that "there is no express warranty in the contract, other than the warranty that the plaintiff will repair any defects when not brought about in a given way. Still there is nothing in the contract which excludes the implied warranty of the law, nor is the transaction one of such a nature as that such a warranty would be excluded. The plaintiff, therefore, at the time of the sale, warranted that the scales were reasonably suited to the uses intended; and if this was not true by reason of any defect then existing, the plaintiff would not be entitled to recover, without regard to whether the defendants had given it any opportunity to make the scales so suited. But the defendants could not defeat a recovery on account of a defect which arose after the sale, unless it appeared that the scales were returned to the plaintiff and it had failed or refused to repair the same within a reasonable time, or unless it appeared that the defect was of such a character that it could not have been remedied if the scales had been returned to it."

4. The contract in this case provided that the scales would be put in repair at any time within two years, if they were sent to the plaintiff. There was no evidence that defendant ever attempted to avail himself of this stipulation to which he had agreed. By his contract he agreed that he would give the plaintiff a fair opportunity to comply with its guarantee as to the perfect accuracy of the scales. By not sending the scales to be repaired, the defendant prevented the compliance of the plaintiff with this stipulation of its contract, and the case falls within the doctrine referred to in *Haralson* v. *Speer,* 1 *Ga. App.* 573 (58 S. E. 142), and *Byck* v. *Weiler,* 3 *Ga. App.* 387 (59 S. E. 1126). Where a defendant prevents the performance of a stipulation of a contract undertaken by the plaintiff, he is estopped from setting up, in his own behalf, any injury which may have resulted from the nonperformance of such condition.

We think, therefore, that the judge should have sustained the certiorari and remanded the case for another trial, to be had in accordance with the well settled principles above referred to.

*Judgment reversed.*