1361. Jesse French Piano & Organ Company v. Barber.

Powell, J. 1. The unconditional acceptance of an article bought under an express warranty usually operates as a waiver of such defects as were within the actual knowledge of the purchaser at the time of the acceptance; but if, at the time the article is tendered to the purchaser, and before final acceptance, he, upon discovering defects, complains of them, and the seller tells him to retain and pay for the article, and that he will remedy the defects, a waiver of warranty does not result from such an acceptance, nor from partial payments made thereafter.

2. The jury was authorized to find, in the present case, that the defendant bought a piano under an express warranty, that it was defective when it was placed in his house, that he immediately notified the seller, that the seller promised to remedy all defects and insisted upon his retaining the instrument, that he did so retain it, and, upon the promises so made him, continued to make payments until he paid a sum equal to the purchase-price, less the damages that ensued from the breach of the warranty, and that the seller never complied with its promises to remedy the defects. Hence, the verdict rendered in favor of the defendant, who was sued for the unpaid balance of the purchase-money, is sustainable.       *Judgment affirmed.*

Complaint, from city court of Cordele—Judge Strozier. July 16, 1908.

Submitted November 12,—Decided December 22, 1908.

*W. H. McKenzie,* for plaintiff.    *Crum & Jones,* for defendant.