2835.　TOOLE *v.* DANIEL.

1. Where, in defense to a suit on promissory notes, the defendant pleads that there has been a total failure of consideration, because the notes were given for a machine which, by reason of defects, was wholly worthless, and the defendant has testified that it was worthless because, at the time the suit was filed, the machine was so out of fix that it could not be operated, it is proper for the court to admit testimony tending to show that the machine had been repaired, and had been successfully used and operated, since the suit was filed. The fact that a machine may not be capable of operation without repair does not necessarily render the machine totally worthless, and the fact that it did successfully operate when the repairs were made, irrespective of the time when they were made, tends to show that the machine was not in fact without some value.

2. Where a defendant, upon being sued upon a promissory note, pleads that it was given for the purchase-price of certain personal property, as to which there was a failure of consideration, because of certain latent defects undisclosed, it is error for the court to charge the jury that the defendant could not successfully assert failure of consideration without showing that he had offered "to restore the plaintiff to his former status within a reasonable time" from the moment he discovered the defects.

DECIDED SEPTEMBER 28, 1911.

Complaint; from city court of Bainbridge—Judge Harrell. July 14, 1910.

*T. S. Hawes,* for plaintiff. *J. R. Wilson,* for defendant.

POWELL, J. Upon the original consideration of this case the court affirmed the judgment, announcing its decision·by syllabus only, the first paragraph of which was identical with what is contained in the first paragraph of the syllabus above. Additionally, it was held that while there was an error·in the charge of the court, it was not material. The plaintiff in error filed a motion for a rehearing. After considering the points presented therein, the court granted the rehearing, and what is now about to be said is explanatory of our reasons for withdrawing the former judgment and substituting the judgment of reversal.

The defendant had pleaded total failure of consideration, and this, of course, includes the defense of partial failure. The evidence failed to establish the plea in toto (for the machine for which the note was given was, notwithstanding its alleged deficiencies, plainly of some value); but it was shown that there had been a partial failure. In one portion of the charge the court instructed the jury that "where a party sets up, as a defense to an unconditional contract in writing, that the consideration totally fails, it is incumbent on the defendant, the moment he discovers the defects, to restore the plaintiff to his former status, in a reasonable time." This, of course, was erroneous. The duty of restoring the status applies where the defendant sets up rescission for fraud or breach of warranty, and not where the defense is based on failure of consideration. We did not overlook this in the original decision of the case, but we were then of the opinion that, under the peculiar facts of the case, the error resulted in no injury. We reached this conclusion upon the following line of reasoning: The court (though without withdrawing or in any wise retracting the incorrect instruction) did at the very conclusion of the charge take up the matter again, and correctly instructed the jury. There was some evidence that the defendant had offered to restore promptly. The verdict was for less than the amount due on the notes and claimed in the suit. We concluded that the jury had allowed an abatement of the purchase-price, because of the partial failure of consideration. The motion for rehearing points out that the abatement allowed by the jury was not necessarily a deduction because of any failure of

consideration, but might have been made because, by another plea, the defendant had claimed credit for certain payments. After carefully considering the arguments and calculations submitted on the rehearing, we are not at all sure that our former conclusion was not correct; however, such a state of doubt has been created in our minds that we think that the safest thing for us to do is to grant a new trial. The charge complained of is manifestly erroneous and prima facie prejudicial. The doctrine of no reversal for harmless error should never be applied so as to prevent a new trial, unless the court is reasonably satisfied that the error was in fact harmless.

*Judgment reversed.*