4766. ROBSON & EVANS *v.* WEATHERLY LUMBER CO.

The indebtedness set up in the plea constituted a valid set-off against the claim of the plaintiff, and the evidence of the defendants established prima facie the truth of the plea; and the direction of a verdict for the plaintiff was erroneous.

DECIDED JUNE 10, 1913.

Appeal; from Baldwin superior court—Judge Park. January 15, 1913.

*Hines & Vinson,* for plaintiffs in error. *Allen & Pottle,* contra.

HILL, C. J. The Weatherly Lumber Company brought suit on an accepted draft; and on the trial the judge, at the conclusion of the evidence, directed a verdict for the plaintiff. Error is assigned on this direction of the verdict. The defendants admitted the execution of the acceptance and their apparent liability, but claimed, as a set-off, damages on account of the alleged breach of two previous contracts which they had made with the plaintiff. They had previously ordered shingles and ceiling from the plaintiff; and they alleged, in their plea of set-off, that after they had bought the shingles from the plaintiff, they sold them for a net profit, that the plaintiff breached the contract by failing to deliver the shingles, and that they were entitled to set off the amount of the lost profit, as against the claim of the plaintiff in this suit. They claimed also, that the ceiling delivered by the plaintiff was defective, and was

worth two dollars a thousand less than the contract price, and they claimed they were entitled to set off this difference as against the plaintiff's claim.    One of the defendants testified as to the non-delivery of the shingles and the amount of damage resulting from the non-delivery, and also testified as to the defective condition of the ceiling delivered to them.    The defendants refused to pay for the shingles, on account of their non-delivery.    They paid for the ceiling before it had been examined and its defective condition discovered.

It is unnecessary to go further into the merits of the claim of set-off, but it seems to us that it was allowable, under the law of mutual claims, or set-off, if proved; and that the evidence was of such a character that it should have been submitted to the jury. The defendants testified that the draft for the lumber bought from the plaintiff was accepted by them in order that they might be given an opportunity to plead this set-off when sued on the acceptance.    In view of this statement of the defendants, the verdict was directed for the plaintiff, on the theory that where one has a claim against another arising from breach of contract, he can not make a subsequent contract with the same party in order that he may have an opportunity to set off his claim for damages arising out of the breach of the former contract, when sued on the latter obligation; and the case of *Madison Supply Co.* v. *Brown Carriage Co.,* 137 *Ga.* 195 (73 S. E. 344), and the cases cited therein, are relied upon in support of this position.    In that case a promissory note given for certain personal property was paid voluntarily to the original payee by the maker thereof, who subsequently purchased personal property from the same vendor for the avowed purpose of refusing to pay therefor and of pleading a set-off and partial failure of consideration to the first purchase, because of alleged defects in the property first purchased which were known to the buyer at the time he paid the note given for the purchase-price thereof; and it was held by the Supreme Court that this claim of set-off could not be allowed, because the buyer, when he paid the note, had full knowledge of the defects in the property first purchased, and, therefore, could not set up the same as a defense to his second obligation; in other words, that the payment of the note, with knowledge of the defects, constituted a waiver of the defects and of any claim for damages arising therefrom.

Such are not the facts in the present case.    Here the acceptance

sued on was not given in payment for the shingles or ceiling previously purchased. It was an entirely different transaction. The evidence does not disclose that the lumber for which the acceptance was given was bought for the purpose of enabling the defendants to plead a set-off against the performance of their contract, nor does it appear that the defendants had notice of the defects in the ceiling when they made the subsequent purchase, or when they gave the acceptance. It seems to us that the purpose the defendants had in accepting the draft is wholly immaterial. They did not deny that they bought the lumber for which the acceptance was given, and as to that lumber they did not set up any defects, or any reason why they should not pay for it. The main question, so far as the right of set-off is concerned, is, did they have a valid claim arising out of the previous two contracts, when they were sued on their acceptance? If they had, they would have the right, whatever their motive in accepting the draft, to set-off a debt which the plaintiff owed them as against the debt which they owed the plaintiff; and whether the defendants had a valid claim arising out of the breach of the two previous contracts depended on the evidence, and was a question to be submitted to the jury, and we think the court erred in directing a verdict for the plaintiff.          *Judgment reversed.*