16264.   COURIER-HERALD PUBLISHING CO. *v.* AMERICAN TYPE
FOUNDERS CO.

JENKINS, P. J.   1. Where there has been a sale of an entire outfit of printer's type and type materials for a gross sum, to be paid for partly in cash, the remainder in notes maturing monthly, and the sale contract is liquidated by payment of the cash and the giving of the notes by the purchaser, without knowledge, actual or legal, of a shortage in delivery, and where thereafter the buyer complains of such shortage to the seller, who suggests that still another arrangement be made, by which another set of notes in lieu of the prior ones be given, which is done, coupled with a promise of rectification of the shortage, such condition of rectification operates so as to require the seller to make complete delivery of the outfit. *National Computing Scale Co.* v. *Eaves,* 116 *Ga.* 511 (2) (42 S. E. 783); *Jesse French &c. Co.* v. *Barber,* 5 *Ga. App.* 344 (1) (63 S. E. 233); *McDaniel* v. *Mallary Brothers Machine Co.,* 6 *Ga. App.* 848, 849 (2) (66 S. E. 146).

2. Where, in such a case, suit is entered upon the notes for the full balance of the contract price of the articles contracted to be delivered, and the defendant admits a prima facie case, by acknowledging the execution of the notes, and assumes the burden of proving his defenses, it is his privilege to plead and to show that the plaintiff did not comply with the promise to supply the missing articles, and, therefore, is not entitled to recover at all on the contract sued on, but is restricted to an action in quantum meruit (*Muller* v. *Ludlow-Saylor Wire Co.,* 141 *Ga.* 376, 377 (2) (81 S. E. 127)) for the value of the goods actually furnished and retained. Civil Code (1910), § 5513; *Freeman* v. *Campbell,* 22 *Ga.* 184; *Ford* v. *Smith,* 25 *Ga.* 675 (3); *Dolan* v. *Lifsey,* 19 *Ga. App.* 518, 519 (4) (91 S. E. 913). But where, in such a case, the defendant does not undertake to abate plaintiff's cause of action on express contract on account of its partial failure to perform, but, instead, pleads total failure of consideration, he is entitled to relief under the contract sued on, to the extent of the difference between the contract price and the value of the articles actually delivered and retained. Thus, where such a case was tried under such a petition and plea, the defendant was entitled to a credit represented by the difference between the contract price and the value of the delivered articles at the time and place of delivery. Accordingly, there being evidence going to show such damage to the extent that the goods actually delivered and retained were worth only one third as much as the entire shipment contracted for, it was error for the court to direct a verdict for the

full amount of the notes, less the proved value of the undelivered articles. The evidence as to the intrinsic value of the undelivered articles does not necessarily represent the difference between the contract price of the entire purchase and the value of the portion actually delivered, the missing articles constituting, as they did, a part of an entire particular outfit. While the record is silent as to whether the missing portions could have been obtained elsewhere (see 35 Cyc. 640, vii), it can not be held, as matter of law, that the undisputed, though meager, testimony for the defendant as to his damage was necessarily excessive.

3. The court did not err in striking paragraphs 6 and 8 of the plea, in which defendant sought to recoup additional damages by alleging that, relying on plaintiff's contract to deliver material as agreed, it had junked, discarded, and put out of use a large portion of the type and material which it previously had on hand, and that upon the failure of the plaintiff to furnish certain portions of the new material contracted for, it was unable to do certain printing and was forced to refuse advertising matter which resulted in a loss of profits amounting to one hundred dollars per month for a period of twelve months. The Civil Code (1910), § 4394, provides: "Remote or consequential damages are not allowed whenever they can not be traced solely to the breach of the contract, or unless they are capable of exact computation, such as the profits which are the immediate fruit of the contract, and are independent of any collateral enterprise entered into in contemplation of the contract." In the instant case the alleged special damages could not be traced solely to plaintiff's breach of the contract; and, furthermore, were not such damages as were in the minds of the contracting parties, capable of exact computation, independently of any collateral enterprise. And see *Wapoo Mills* v. *Commercial Guano Co.*, 91 *Ga.* 396 (1) (48 S. E. 933); *Huggins* v. *Southeastern Lime &c. Co.*, 121 *Ga.* 311 (5) (48 S. E. 933); *Sanders* v. *Allen*, 124 *Ga.* 684 (52 S. E. 884); *Piedmont Wagon Co.* v. *Hudgens*, 4 *Ga. App.* 393, 395 (61 S. E. 835).

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED OCTOBER 19, 1925.

Complaint; from city court of Dublin—Judge Sturgis. December 27, 1924.

*William Brunson,* for plaintiff in error.