23186, 23187.   SHANKS *v.* COWART; and *vice versa.*

DECIDED NOVEMBER 4, 1933.   REHEARING DENIED DECEMBER 1, 1933.

*A. B. Conger,* for Shanks.   *W. V. Custer & Son,* contra.

SUTTON, J.   Shanks purchased certain oil-motors for running his cotton gins from Cowart, paying a part of the purchase-money in cash and executing, in connection with the trade, an instrument reciting the agreement to pay a part cash and the remaining amount in two installments, and reciting that it was the contract between the parties and that the warranty and agreement on the back thereof constituted the entire contract, which is as follows:  "The seller agrees to furnish free (except for freight or express charges) a new part to replace any part which, with proper use, breaks or proves defective during the first ninety days after delivery, provided the defective part is promptly returned.   The purchaser agrees to give each machine a fair trial as soon as possible after receiving and

within two days after the first use. If it then fails to work properly and prompt notice is given, the seller will send a man within a reasonable time to put it in order, the purchaser agreeing to render friendly assistance. If it still fails to work properly and the purchaser promptly returns it to the seller at the place where delivered, the seller will refund the amount paid, which shall constitute settlement in full. Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty and further assistance rendered the purchaser shall not be considered · a waiver of this provision. The purchaser agrees to pay the expense of remedying any trouble due to improper handling. No agent of the seller has authority to alter, add to or waive the above warranties, which are agreed to be the only warranties given and in lieu of all implied warranties. The seller agrees to deliver goods as ordered unless prevented by causes beyond his reasonable control. After delivery all goods shall be held and used at the purchaser's risk and expense, but title, with right of repossession for default, is reserved to the seller until the full purchase-price has been paid in cash." For the deferred payments, Shanks executed two notes, which he failed to pay, and Cowart brought suit thereon. The defendant, in his answer, set up that the motors were not fit for the uses intended, and asked for a judgment for the amount paid by him as a cash payment. He further set up that on the third day after receiving the motors, he made complaint to the plaintiff that they would not work, that the plaintiff endeavored to fix them, that he told the plaintiff that he would have to take them back, as they would not work, that the plaintiff told him to keep them and he would get them in running order for him, that the plaintiff sent mechanics to work on them, but that they would not work, that this continued throughout the ginning season, that this constituted a waiver of the provision of the contract that he should return them, and that he kept the motors only because the plaintiff told him to do so, stating that he would get them to working for the defendant. The plaintiff demurred to the answer, and the court overruled the demurrer. To this judgment the plaintiff excepted pendente lite, and he assigns error thereon in the cross-bill of exceptions in this case. The defendant offered an amendment to his answer, in which he set up that while he signed the notes and contract, he did so because of a fraud perpetrated upon him in that he did not know of

the stipulations on the back of the contract. The court disallowed this amendment, and to this the defendant excepted pendente lite. The case went to trial, and the defendant submitted evidence tending to prove the allegations of his answer. The evidence further disclosed that the plaintiff had taken possession of the motors and sold them for a small sum and was seeking to recover of the defendant the balance.' The court directed a verdict for the plaintiff. The defendant moved for a new trial, the motion was overruled, and to this he excepted.

Taking a view of the evidence in this case most favorably to the defendant (and this is the proper manner in which this court should view it, a verdict for the plaintiff having been directed), the jury would have been authorized to find that on the third day after receipt of the motors, on giving them a trial for two days, the defendant gave notice to the plaintiff in person that the motors would not operate his gins. The plaintiff told the defendant that he would come and fix them. The plaintiff came and endeavored to fix the motors so that they would work. Defendant offered to return the motors, but did not do so because the plaintiff told the defendant that he was going to make them work. The plaintiff told the defendant to keep the motors and not return them, and, because of the plaintiff's statements that he would render them fit to run the gins, the defendant did not return them to plaintiff. The defendant made complaint all along that the motors would not work, and the plaintiff tried several times to put them in running order. The plaintiff continued to tell the defendant to retain the motors, that he would get them to working so that he could operate his cotton gins in a proper manner. In these circumstances, it was error for the court to direct a verdict for the plaintiff. It was a question for the jury to decide whether the conduct and course of dealings between the parties amounted to a waiver on the part of the plaintiff of the stipulations contained in the contract that the defendant should promptly return the motors to the plaintiff at the place where delivered to him. *Jesse French Piano &c. Co.* v. *Barber*, 5 *Ga. App.* 344 (63 S. E. 233); *McDaniel* v. *Mallary Machinery Co.*, 6 *Ga. App.* 848 (66 S. E. 146) ; *Charles* v. *Tyler*, 25 *Ga. App.* 626 (104 S. E. 93). "Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may

usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense. But forfeiture of rights is not favored, and the courts will seize upon circumstances arising in the subsequent conduct of transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites. . . Furthermore, if nonperformance of a contract is caused by the act or fault of the opposite party, the nonperformance is excused." *Grolier Society* v. *Freeman,* 45 *Ga. App.* 465 (155 S. E. 290).

The present case is distinguishable from *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034), and other cases cited by the plaintiff, as were the cases cited above in this opinion to sustain the view that the present case should have been submitted to a jury, in that the seller was given notice of the defective condition of the article involved and either attempted to repair it and told the purchaser to retain it and that it would be repaired, or told the purchaser that it would be repaired and to retain it and make the payments thereon. In the *Dillon* case it was said that "If the defendant had given the notice required by the contract, he would be let into his defense of a total failure of consideration, if the plaintiff failed to put the machine in good order; and this would be true without reference to whether he returned the machine." In *Brooks Lumber Co.* v. *Case Threshing Machine Co.,* 136 *Ga.* 754 (72 S. E. 40), notice of the defective condition of the machinery was not given to the seller, and the court held that if the seller, without the required notice, undertakes, at the request of the buyer, to assist in getting the machinery in working order, such conduct would not amount to a waiver of the conditions in the contract. The court properly refused to strike defendant's answer on motion of the plaintiff.

There is no merit in the contention of the defendant that he signed the order for the motors in question because of a fraud perpetrated upon him, in that he did not know and was not informed of the stipulations on the back of the contract. *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238) ; *Boynton* v. *McDaniel,* 97 *Ga.* 400 (23 S. E. 824) ; *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (94 S. E. 892). Therefore the court correctly refused to allow the proffered amendment to the answer.

34

There being evidence tending to substantiate the issues raised by the defendant plea and answer, the case should have been submitted to a jury. This being so, the court should have granted the defendant's motion for a new trial, complaining of the direction of a verdict for the plaintiff, and it was error for the court to over-rule the motion.

*Judgment reversed on the direct bill of exceptions, on the cross-bill of exceptions affirmed. Jenkins, P. J., and Stephens, J., concur.*