## 23134. DILLON *v.* CONTINENTAL TRUST COMPANY.

Decided September 27, 1934.

*Ralph R. Quillian, Dillon, Calhoun & Dillon,* for plaintiff.
*Harold Hirsch, Marion Smith, A. S. Clay III,* for defendant.

MacIntyre, J. H. T. Dillon, as trustee for the Keely Company Inc., filed suit against the Continental Trust Company in the municipal court of Atlanta, seeking to recover for goods sold and delivered on open account to the defendant from October 17, 1929, until November 11. The transfer of the account, having been made in writing, was attached to the petition. The defendant duly filed its answer and plea of set-off, which admitted the sum of $40 due on said account, but which sought by way of set-off to obtain credit in the amount of $373.10 (the suit being for $413.50). After hearing the evidence the trial judge, sitting without a jury, allowed in full the plea of set-off and rendered judgment in favor of the plaintiff for the sum admitted to be due, to wit, $40. To this ruling the plaintiff excepted.

The evidence authorized the judge to find substantially the following state of facts: that certain linoleum was bought by the defendant from the plaintiff on January 16, 1929, a part of which, after installation, proved to be defective; that before discovery of the defective condition, and on February 15, plaintiff paid the bill covering this linoleum, which also included other items; that upon discovery of the defective condition of the linoleum it was agreed between plaintiff and defendant that there should be an adjustment with reference thereto, although no definite agreement as to the amount was reached at that time; that subsequently, on August 1, 1929, plaintiff ordered, besides other items, additional linoleum, a part of which was used in replacing the defective part; that on October 26, 1929, the bill covering this order was paid, which covered only items purchased before October 1, 1929.

The judge was authorized to find that with reference to the original linoleum there was a failure of consideration. He was also authorized to find that the defendant did not know, nor could by the exercise of ordinary care have known, at the time of paying therefor, of the defective condition of the linoleum. Plaintiff contends, however, that by the payment of the second bill, which included linoleum used to replace that part of the original linoleum which was defective, defendant waived his rights, and can not now set up, in the nature of a plea of set-off, its defective condition. With this contention we can not agree. The judge was authorized to find that there had been an agreement made between the parties that an adjustment should and would be made with reference to

the original linoleum, and that the purchase of more linoleum, some of which was used to replace that of the original which was defective, was an entirely separate transaction. While it may be true that if more linoleum was purchased by the defendant from the plaintiff to replace that which was defective, with an understanding that there was to be a reduction in the purchase-price of the replacement linoleum in proportion to the amount of defects that existed in the original, and plaintiff thereafter, without any fraud having been practiced upon him, paid the full purchase-price of the additional linoleum, it might be held that by such conduct he waived his right to claim an adjustment for the defects existing in the original linoleum, yet the trial judge was authorized to find that the purchase of the second linoleum constituted an independent transaction, and that the agreement to make an adjustment on the original linoleum was outstanding even after the purchase of the second linoleum and up to the time the plaintiff was placed in bankruptcy. The credit manager of Keely Company admitted on cross-examination that "there was never any final disposition made of the question of adjustment which Mr. Hurt raised with me at the time the question of the defective linoleum was brought up; it was never disposed of; it was still an open matter between us when Keely was put in bankruptcy." The case of *Lowery* v. *Rowland Co.*, 32 *Ga. App.* 109 (122 S. E. 627), is readily distinguishable from the case at bar. In short, in the instant case, the trial judge was authorized to find that the two bills paid and the bills sued upon were each different transactions. We are therefore of the opinion that the judgment of the trial judge is authorized by the evidence. *Robson* v. *Weatherly Lumber Co.*, 12 *Ga. App.* 781 (78 S. E. 610).

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*