25295. Belle City Manufacturing Company *v.* Palmer.

Jenkins, P. J. 1. "Where in the sale of machinery there is an express warranty as to quality, and, by the terms of the contract, liability of the seller for the breach of such warranty is predicated upon conditions which must, as a condition precedent, be performed by the buyer, the seller will not be held liable on the warranty thus limited, unless the buyer complies with the conditions set forth therein" (*Frick Co.* v. *Bridges*, 51 *Ga. App.* 123, 127, 128, 179 S. E. 861; *International Harvester Co.* v. *Morgan*, 19 *Ga. App.* 716, 719, 92 S. E. 35, and cit.), unless the seller waives such compliance by the buyer (*Shanks* v. *Cowart,*

48 *Ga. App.* 30. 171 S. E. 774) ; or unless "the answer sets up that the defects complained of were latent and concealed, and were of such a character that their existence could not be ascertained within the period allowed by the contract for notice thereof to the seller, but that the seller, knowing of such defects and that they could not be discovered within such time, fraudulently concealed them from the defendant." *Tinsley* v. *Gullett Gin Co.*, 21 *Ga. App.* 512 (4) (94 S. E. 892). These rules are applicable to a defense by the buyer of total or partial failure of consideration, as well as to a suit or defense based directly on the warranty. *International Harvester Co.* v. *Dillon*, 126 *Ga.* 672 (55 S. E. 1034). Accordingly, in the instant case, upon a plea by the purchaser of failure of consideration in a suit by a manufacturer of machinery on the contract and promissory notes for the purchase-price, made payable to the order of a distributor of the machinery and indorsed by him to the manufacturer, the verdict, which was directed in favor of the defendant purchaser, was contrary to law and without evidence to support it, where the signed written order of the purchaser was signed by both the distributor and the plaintiff manufacturer, and such order, the conditional sale contract, and the notes all showed the interest of the manufacturer in the transaction; where the signed order provided that "the machinery ordered herein is warranted only by the manufacturer, as follows," with an express warranty of quality qualified by the following condition, among others: "The condition of the foregoing warranty is that, if, after its operation by purchasers in the manner specified for a period of six days, said machinery shall fail to fulfil the warranty, written notice thereof by registered letter shall at once be given to the [manufacturer] at Racine, Wisconsin, and also to the dealer from whom received, stating in what parts and wherein it fails to fulfil the warranty;" that "failure so to . . give such notice in any respect . . in the manner stated shall be conclusive evidence of due fulfilment of warranty on the part of said manufacturer, and that the machinery is satisfactory to the purchasers, and the manufacturer, the distributor, and the dealer shall thereupon be released from all liability under the warranty;" and that "there is no express, implied, or statutory warranty by the manufacturer of quality, fitness or capacity of the goods above described other than or different from the printed conditional warranty herein contained;" and where the undisputed evidence showed that the purchaser wholly failed to give to the manufacturer the required notice by registered mail, only orally notified the distributor or dealer as to the defects claimed, and the manufacturer did nothing to waive a compliance by the purchaser with the condition of the warranty, and there was no plea or proof of concealed defects in the machinery of such character as could not be ascertained by the purchaser within the time allowed for notice, and that the manufacturer or distributor, knowing of such defects and that they could not be discovered within such time, fraudulently concealed them from the purchaser. *Oliver Farm Equipment Sales Co.* v. *Neely*, 50 *Ga. App.* 231 (177 S. E. 606), and cit.

2. Although the contract of conditional sale, which was executed after the signed order and agreement containing the above-quoted condition of the express warranty, stated that "no warranties, express or implied, have

been made by the seller unless endorsed hereon in writing," no question is presented by the record as to whether the final instrument was intended by the parties to express their entire contract, and to exclude the prior agreement of conditional warranty, so as to permit the purchaser to plead and prove a total or partial failure of consideration without regard to such condition and warranty. This is true, since, after the original plea was filed, the plaintiff amended its original petition, declaring only on the final conditional-sale contract, by expressly pleading the prior signed order containing the agreement of conditional warranty, since there was no exception to the allowance of this amendment, it was introduced in evidence by the plaintiff without objection, and counsel on both sides in their briefs quote from and rely upon parts of the prior writing. Therefore it must be treated as a part of the contract of sale, and controls the transaction both as to the manufacturer and the purchaser.    *Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 8, 1936.

*E. L. Smith,* for plaintiff.

*M. A. Warren, C. E. Crow,* for defendant.