### 27393. WILLIAMS *v.* ABERCROMBIE.

DECIDED APRIL 19, 1939.

*C. W. Walton,* for plaintiff in error. *C. L. Shepard,* contra.

SUTTON, J. This was a foreclosure proceeding for a balance claimed to be due on a retention-title note for $200, which was given by L. R. Williams to Abercrombie & Burke on February 10, 1936, for two mules; to which proceeding the defendant filed his affidavit of illegality. The note contained the following provisions: "It is further understood and agreed that the said Abercrombie &

Burke does not guarantee the health, soundness, working qualities, recovery from shipping, cold, nor against impotency of the within described property; and it is further understood and agreed that should said live stock herein described be not suited to the purposes for which bought, then the undersigned does hereby agree that [he] will within ten days from above date return same to the said Abercrombie & Burke at their place of business in Macon, Ga., in same physical condition as when purchased, who hereby agree to accept same and cancel this indebtedness; and upon failure of the undersigned to return the property herein purchased and described, within ten days from above date, then the undersigned waives any claim for damages or failure of consideration as against this contract, and likewise waives any defect in any of said property." The defendant set up in his affidavit of illegality that he traded a horse and mule, valued at $165, to Abercrombie & Burke for a black mare mule priced at $200 and a light-colored mare mule priced at $165; that, before the expiration of ten days after the execution of the retention-title note, he went to the sellers' place of business and notified them that the light-colored mule had a bad leg and defective eyes; that they asked him at that time to keep the mule and give her a full trial, and told him that if she did not develop into a good, sound mule, another mule of the value of $165 would be sent to him, and the mule complained of would be taken up; that when this was done he had ample time to return the mule to the sellers, but was led by them to believe that there was no necessity for returning the mule; that he kept the sellers notified of the condition of the mule during the spring and summer of 1936, making several trips to see them for this purpose, and each time was promised that the mule would be made good; that on October 26, 1936, he went to see them with a view of finally disposing of the entire matter, and at that time was told by W. C. Abercrombie, the owner of the note, that he did not have anything in his stable at that time to take the place of the mule complained of, but that as soon as he got in a new supply the defendant could have another mule of the value of $165 instead of the defective mule, and with this understanding the defendant made a payment of $100 on the note in question; that within a few weeks thereafter Abercrombie offered to send the defendant a certain black mule, which offer was accepted, but the mule was never

delivered; that subsequently Abercrombie explained that in his absence some one had sold the black mule, and he still promised the defendant another mule of equal value, but failed to deliver it; that the defendant has paid Abercrombie $65 more than the sum due him, because he relied on his warranty at the time the $100 was paid; and that he has been without the use of the services of the mule of the value of $75, and the care of the mule complained of has cost him $40, making a total of $180, for which judgment was prayed.

The note was transferred to W. C. Abercrombie, and it is admitted that he occupies the same position as the original payees of the note with respect to the validity of the defense here made. The affidavit of illegality was stricken, on motion, and the fi. fa. was ordered to proceed. The defendant excepted to that judgment.

1. Under the terms of the contract, if the mules were not suited for the purposes intended, the defendant had the right to return them to the sellers within ten days from the date of the note, and the trade was to be canceled. One of the mules proved to be defective, and within the ten-day period the defendant went to the sellers at their place of business and personally notified them of this. Apparently they accepted this as sufficient in lieu of the return of the mule, and asked the defendant to give the mule a full trial, and told him, if it did not develop into a good sound mule, that another mule of the value of $165 would be furnished in its place. A jury would be authorized to find that this was a waiver on the part of the sellers of the terms of the contract that the defendant was to return the mules within ten days, if they were not suited for the purposes intended. "'Where a contract prescribes conditions precedent to a party's right to set up a cause of action or defense, and the terms are reasonable, the opposite party may usually successfully plead a failure to comply with the conditions, as a reason for the court's refusal to entertain the action or defense. But forfeiture of rights is not favored, and the courts will seize upon circumstances arising in the subsequent conduct of transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites. . . Furthermore, if nonperformance of a contract is caused by the act or fault of the opposite party, the nonperformance is excused.' *Grolier Society* v. *Freeman*, 45 *Ga. App.* 465 (165 S. E.

290).*" Shanks v. Cowart*, 48 *Ga. App.* 30, 32 (171 S. E. 774). See *Jesse French Piano & Organ Co.* v. *Barber*, 5 *Ga. App.* 344 (63 S. E. 233) ; *McDaniel* v. *Mallary Co.*, 6 *Ga. App.* 848 (66 S. E. 146) ; *Belle City Mfg. Co.* v. *Palmer*, 53 *Ga. App.* 431 (186 S. E. 219). And where the defective mule continued to be worthless and not suited for the purposes intended, and the sellers failed to furnish to the purchaser another mule of the value of $165 instead of the defective mule, the purchaser could plead breach of warranty and failure of consideration as to this mule, in a foreclosure proceeding on the note given therefor.

As contended in the affidavit of illegality, the sellers on numerous occasions promised the defendant to deliver him another mule of the value of $165 in place of the defective one. When he made the $100 payment on the note, it was the agreement and understanding of the parties that he was to be furnished another mule of the value of $165 instead of the alleged worthless one. In these circumstances the defendant is not estopped from pleading breach of warranty and failure of consideration where one of the mules proved to be worthless, and its return to the seller by the purchaser within a specified time in the contract is waived by the seller. *McDaniel* v. *Mallary Co.*, supra; *National Scale Co.* v. *Eaves*, 116 *Ga.* 511 (42 S. E. 783). The affidavit of illegality set up a valid defense, and the court erred in dismissing it.

*Judgment reversed. Stephens, P. J., and Felton, J., concur.*