28735. WADE *et al.* v. HINSON.

SUTTON, J. ■ Where a contract for the sale of a power unit for a sawmill provides that "The purchaser is to give each machine a fair trial as soon as possible after receiving and within two days after the first use. If it then fails to work properly and prompt notice is given, the seller will send a man within a reasonable time to put it in order, the purchaser agreeing to render friendly assistance. If it still fails to work properly and the purchaser promptly returns it to the

seller at the place where delivered, the seller will refund the amount paid, which shall constitute a settlement in full. Retention of possession or continued use shall constitute an acceptance and satisfaction of warranty, and further assistance rendered the purchaser shall not be considered a waiver of this provision. The purchaser agrees to pay the expense of remedying any trouble due to improper handling. No agent of the seller has authority to alter, add to, or waive the above warranties, which are agreed to be the only warranties given and in lieu of all implied warranties," the purchaser can not be let in to plead that the machine was worthless, unless it is shown that he has complied with the conditions named in the contract; and the burden is upon him to show such compliance. *International Harvester Co.* v. *Dillon,* 126 *Ga.* 672 (55 S. E. 1034). See also *Frick Co.* v. *Bridges,* 51 *Ga. App.* 123 (179 S. E. 861); *Belle City Mfg. Co.* v. *Palmer,* 53 *Ga. App.* 431 (186 S. E. 219).

Applying the above principle of law to the facts of the present case, where suit was brought by a declaration in aid of an attachment, to recover the balance due on a promissory note given for the purchase-price of a described power unit, sold under a conditional-sale contract, and the defendants filed an answer admitting the purchase of the machine as alleged, but denied owing any amount, setting up by special plea a total failure of consideration, in that the machine was worthless for the service which the seller represented it would perform in operating a sawmill, and where the uncontradicted evidence showed that the balance of the agreed purchase-price had not been paid and that, although the machine did not serve the purpose for which it was bought, and that in response to a demand from the purchasers the seller had sent a mechanic to remedy the deficiency of the machine, but had failed to make it properly operate the sawmill of the defendants, it was conclusively shown that the defendants had not complied with the contract by returning the power unit but had held it and used it in sawing small-dimension timber: *Held,* that the trial court did not err in striking such evidence as was offered to show a total failure of consideration, and in directing the verdict for the plaintiff.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED FEBRUARY 24, 1941.

*Andrew J. Tuten,* for plaintiffs in error.
*John L. Youngblood,* contra.