32280. GILLESPIE v. WILLIAMS.

DECIDED JANUARY 29, 1949.

*James T. Dampier, S. B. McCall,* for plaintiff.
*Virgil D. Griffis,* for defendant.

PARKER, J. This was a foreclosure proceeding brought by C. C. Gillespie against Mrs. E. J. Williams in a justice court, under the Code, § 67-1601. It was based on a sales contract retaining title to an automobile. The amount claimed by the plaintiff was $160. The defendant filed an affidavit of illegality setting up a total failure of consideration and claiming by way of recoupment that the plaintiff was indebted to her for $175 paid on the automobile and $60.49 spent by her in repairs. She alleged that she had offered to return the car and was still ready to do so.

The plaintiff made an oral motion in the nature of a general demurrer to strike the plea on the ground that it set up a failure of consideration without showing how or in what way the car was defective. The motion was overruled as to this ground. Another ground of the motion to dismiss the plea was that it sought to recover by a cross-action an amount beyond the jurisdiction of the court, which was $200. Code, § 2-4202. The defendant asked for and was granted permission to amend to meet this objection and the case was tried as if the amendment had been made. After evidence was introduced by both parties the jury returned a verdict in favor of the defendant for $175 and a judgment was entered thereon. The plaintiff then applied to the superior court for a writ of certiorari which was granted. Upon the trial of the certiorari it was overruled and the judgment of the justice court sustained. The plaintiff excepted.

The certiorari assigns error (a) on the failure of the court to dismiss the plea because it did not sufficiently set out the defects in the car, and (b) in failing to rule out certain evidence of the

defendant and her husband as to the defects in the car, on the ground that such evidence tended to vary the terms of the written contract, and (c) because the verdict and judgment are contrary to law and without evidence to support them.

■ As to the first assignment of error on the failure of the court to dismiss the plea on an oral motion in the nature of a general demurrer, all that need be said is that such a motion is not good where a plea is good in substance. · The plaintiff should have demurred specially to the plea, and the court did not err in overruling the oral motion to dismiss. *Meads* v. *Williams,* 55 *Ga. App.* 224 (189 S. E. 718) ; *Minnesota Lumber Co.* v. *Hobbs,* 122 *Ga. 20* (49 S. E. 783).

■ As to the second assignment of error, the refusal of the court to exclude certain testimony, it may be said that the evidence objected to did not vary the terms of the written contract. It tended to prove the allegations of the plea and was admissible.

■ The third assignment of error presents a question as to the sufficiency of the evidence to support the verdict, but we do not think it includes the ruling of the court on the question raised as to the jurisdiction of the court on the cross-action for more than $200 as to which no specific assignment of error is made.

As was said in *Birdford'Supply Co.* v. *Edwards,* 16 *Ga. App.* 518, 521 (85 S. E. 687) : "Under this general assignment of error, no error committed by the court, and no question other than as to the sufficiency of the evidence to support the verdict, could be considered, and the only other errors that might be considered were such as were specifically assigned." Where there is any evidence to sustain. the trial court's judgment the case will not be reversed by a reviewing court on certiorari. *Evans* v. *Kinard,* 60 *Ga. App.* 138 (3 S. E. 2d, 146). There was some evidence sustaining the verdict in this case and the general assignment of error in the certiorari was properly overruled.

If the ruling of the trial court on the question of jurisdiction was included in the general assignment of error, the certiorari was nevertheless properly overruled. The plaintiff's foreclosure proceeding fixed the jurisdiction of the court. No matter what amount the defendant pleaded by cross-action, she could recover no amount in excess of $200, the amount to which the jur-

isdiction of the court was limited. The case was tried as if her plea had been amended to come within the court's jurisdiction, and the verdict in her favor was within that jurisdiction. *Garfield Oil Mills* v. *Stephens*, 16 *Ga. App.* 655, 622 (85 S. E. 983).

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*