## 39688.   WILSON v. TAYLOR.

RUSSELL, Judge.   1.   "A plea of breach of warranty is the substantial equivalent of a plea of failure of consideration; and the defense is allowed upon the principle that the consideration of a note between the parties is always open to inquiry so far as the promise to pay depends upon the existence, continuance, or amount, and that as a warranty is incident to every sale of a chattel, parol evidence is admissible, not for the purpose of showing that a different promise from the written one was made, but that it is different in legal effect as a consequence of the want, cessation, or shrinkage of the consideration." *Pryor v. Ludden & Bates,* 134 Ga. 288, 290 (67 SE 654, 28 LRA (NS) 267); *Commercial Credit Co. v. Lewis,* 59 Ga. App. 144 (2) (200 SE 566).   Also see *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715, 719 (49 SE2d 677).

2. "The giving of a note for the purchase-price will not estop the buyer from pleading failure of consideration, although the note was given after the discovery of the defects, where the seller promised to repair the defects and failed to do so. *Moultrie Repair Co. v. Hill,* 120 Ga. 731 (48 SE 143); *Rob-*

*son v. Weatherly Lumber Co.,* 12 Ga. App. 781 (78 SE 610) ; *Burr v. Atlanta Paper Co.,* 2 Ga. App. 52 (58 SE 373)." *Alpine Safe & Lock Co. v. Parsons & Bro.,* 13 Ga. App. 154 (2) (78 SE 1023). See also *Jesse French Piano &c. Co. v. Barber,* 5 Ga. App. 344 (1) (63 SE 233) ; *Finance Co. of the South v. Jones,* 33 Ga. App. 94 (1) (125 SE 510) ; *Gullett Gin Co. v. Seagraves,* 49 Ga. App. 850, 856 (176 SE 922) ; *Mc-Daniel v. Mallary Machinery Co.,* 6 Ga. App. 848 (2) (66 SE 146) ; *Courier-Herald Pub. Co. v. American Type Founders Co.,* 34 Ga. App. 473 (1) (130 SE 80).

3. The defense of total failure of consideration carries with it the defense of partial failure of consideration. *Toole v. Daniel,* 9 Ga. App. 757, 758 (72 SE 270).

4. An affidavit of illegality to a proceeding to foreclose a retention-title contract on personal property is not subject to be stricken on motion where any part of the plea is good in substance. *Gillespie v. Williams,* 78 Ga. App. 503 (1) (51 SE2d 608). A plea of failure of consideration in an answer cannot be reached by a motion to dismiss, but must be attacked by special demurrer only. *Gullett Gin Co. v. Seagraves,* 49 Ga. App. 850, supra; *A. E. Speer, Inc. v. McCorvey,* 77 Ga. App. 715, 718, supra. Granted that the requirements, where the defense is raised by affidavit of illegality, may be more stringent (*Sharp v. Kennedy,* 50 Ga. 208 (2) ), and also that the *evidence* on a partial failure of consideration must be sufficiently specific that the jury may have data from which to form an accurate estimation of the damages (*Evans v. Mitchell,* 44 Ga. App. 695 (2), 162 SE 660), a motion to strike the entire pleading would not lie because of failure to allege a correct amount or measure of damages, but this would be ground for special demurrer.

5. Applying the foregoing law to the facts of this case, it appears from the affidavit of illegality to the levy of execution that the defendant purchased two Tifcon tobacco curing machines from the plaintiff manufacturer on August 8, 1960. Prior to November 9, 1960, defendant used the machines to cure his tobacco crop and discovered that the thermostats malfunctioned which caused the crop to "cook out green," a cure not desired or intended, and resulting from a latent defect not discoverable by the defendant in the exercise of ordinary care. The defect was called to the plaintiff's at-

tention on discovery. Plaintiff then promised defendant that, if defendant would execute the conditional-sale contract and note on which this foreclosure proceeding is based, plaintiff would, between that time and the 1961 tobacco season, order and install proper thermostats for the curers. Relying on this promise defendant did, on November 9, execute the instrument, which, while styled a conditional-sale contract, is signed only by the purchaser, contains a promissory note, title-retention provision, and statement that "purchaser accepts delivery under the warranty of the manufacturer only," which defendant alleges in the language of an implied warranty to the effect that plaintiff manufacturer warranted the machines were merchantable and reasonably suited to the use intended, and that he knew of no latent defects undisclosed. Defendant then alleged a breach of warranty and failure of consideration for the reason that the tobacco curers malfunctioned and failed to cure the tobacco properly; that plaintiff promised to repair the defect in consideration of defendant's signing the conditional-sale contract and note, and that he has failed to do so and defendant is damaged in a stated amount. The affidavit thus alleges sufficient facts, if proved, to show that the consideration has at least partially failed. He has alleged that the defects were latent when he purchased the machinery. While he knew of the defects at the time he signed the note and sale agreement, this knowledge will not estop him from urging his defense where the machinery could be repaired and there was an express promise by the plaintiff to do so at the time the note was executed. The pleading as amended is very loosely drawn, but it is not entirely lifeless. It alleges a substantial defense based on a breach of warranty as a result of which there has been, to some extent at least, a failure of consideration. See also *A. D. L. Sales Co. v. Gailey*, 48 Ga. App. 798 (173 SE 734).

It follows that the trial court erred in sustaining the motion to dismiss the affidavit of illegality on the ground that it set forth no issuable defense.

*Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED OCTOBER 4, 1962.

*G. Gerald Kunes*, for plaintiff in error.
*Reinhardt & Ireland, D. C. Ireland, James G. Whitley*, contra.