Edward L. WHITTENBURG, Appellant,

v.

CESSNA FINANCE CORPORATION,
Appellee.

No. 1369.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

April 28, 1976.
Rehearing Denied May 19, 1976.

Joel W. Cook, Barry Allan Brown, Schlanger, Cook, Cohn & Mills, Houston, for appellant.

John A. Cavin, Ross, Banks, May, Cron & Cavin, Houston, for appellee.

CIRE, Justice.

This is an appeal from a summary judgment for the plaintiff on a promissory note. The note was executed by appellant Edward Whittenburg in favor of Sawyer School of Aviation and in conjunction with a conditional sales contract for the purchase of an airplane. The face value of the note was $196,200, to be paid on March 24, 1973.

Sawyer School of Aviation endorsed the note and assigned the sales contract to appellee Cessna Finance Corporation.

Appellee brought suit on the note asking for the $196,200 principal plus interest and attorney's fees; appellant answered by a plea in abatement and a general denial. Appellee then filed its motion for summary judgment, to which were attached copies of the note and endorsement and of the sales contract, together with the affidavit of appellee's attorney in support of attorney's fees. Appellant's opposition to the summary judgment motion alleged the note might have been paid out of the proceeds of an insurance policy, that appellant was entitled to an offset for breach of warranty, and that appellee was not a holder in due course of the note. Appellant's opposition to the motion was supported by the affidavit of the appellant in which he stated the airplane had crashed and been totally destroyed, and that he believed the crash had resulted from the defective manufacture of the plane. At the time of the crash appellant had sold the plane to Del Rio Springs, Inc., retaining a security interest in it. The summary judgment evidence also included a copy of the judgment of an Arizona court awarding appellant a $310,000 judgment against Del Rio Springs, Inc., for the purchase price of the airplane, and copies of correspondence in which appellant and his attorneys had admitted the existence and default of the $196,000 obligation to appellee. At the time of the sale to Del Rio Springs, Inc. appellant had cancelled an insurance policy protecting the security interest of appellee and taken out a new policy protecting his own security interest. In a later suit against the second insurance company he collected approximately $190,000.

The trial court granted an interlocutory summary judgment for appellee on the note and appellant's claimed offset, and after a separate hearing on attorney's fees, entered final judgment for appellee for $208,200 plus $12,000 attorney's fees.

Appellant contends appellee's motion for summary judgment was defective in that it did not prove appellee was a holder in due course of the note and did not prove there was no fact issue on appellant's claim for an offset for breach of warranty.

■ Appellee's summary judgment evidence established that appellee was the holder of the note, that the note was in default, and that appellant was the maker of the note. Appellant did not deny the genuineness of his signature or of the endorsement, and did not plead payment. Appellee was therefore entitled to recovery unless appellant established a defense. Tex.Bus. & Comm.Code Ann. § 3.307(a), (b).

■ The defense alleged by appellee was for an offset for breach of warranty, which is equivalent to a plea of failure of consideration. Wilson v. Taylor, 106 Ga. App. 720, 128 S.E.2d 83 (1962); Stevens-Etter Co. v. Grain Juice Co., 285 S.W. 667, 669 (Tex.Civ.App.—San Antonio 1926, no writ). Offset and failure of consideration are defenses which must be affirmatively pleaded. Tex.R.Civ.P. 94; American National Insurance Co. v. Fox, 184 S.W.2d 937 (Tex.Civ. App.—Fort Worth 1945, writ ref'd w. o. m.). In summary judgment practice, where the non-movant has alleged an affirmative defense, he must offer proof that there is a material fact issue on that affirmative defense. Torres v. Western Casualty & Surety Co., 457 S.W.2d 50, 53 (Tex.Sup.1970). In light of the subsequent sale of the airplane by appellant, his judgment against the purchaser and his recovery from the insurance company on the policy protecting his security interest, there is some doubt as to the validity of his claim for offset, but we need not decide that question. Appellant's summary judgment evidence on the issue of breach of warranty consisted only of the affidavit of the appellant. The affidavit recites that while the airplane was in possession of appellant, it was repaired and remanufactured by Cessna Aircraft Corporation to correct defects in its pressurizing system. The affidavit further states that appellant sold the plane for $260,000 to Del Rio Springs, Inc.; that three days after the sale and while being operated by Del Rio Springs, Inc. the plane crashed and was destroyed; and that "defendant cannot

account for its failure and destruction except by the fact that the pressurizing system thereof was inadequately repaired or remanufactured by Cessna Aircraft Corporation. . . ." The affidavit does not state it is made on personal knowledge; the allegations concerning the cause of the crash and the condition of the airplane are strictly the speculation and opinion of the appellant, and as such cannot be held sufficient to raise a fact issue on his affirmative defense.

Since appellant did not raise a fact issue on a defense material to appellee's right as a holder of the note to recover on it, appellee was not required to prove that it was a holder in due course. There having been no material fact issue on appellee's cause of action or any affirmative defense to it, the trial court correctly granted summary judgment. The judgment of the trial court is affirmed.

Affirmed.